### THEODULE BACHEMIN *v.* EULALIE CHAPERON, WIDOW DANTILLY.

On the trial of a revocatory action, to set aside a sale alleged to be fraudulent and simulated, the plaintiff may require the Judge to charge the jury that where the vendor continues in the corporeal possession of the thing sold, the sale is presumed to be fraudulent, and proof of the simulation is dispensed with, the burthen of establishing the reality of the sale resting upon defendant.

A vendor in whose favor a mortgage on the property sold to him has been fraudulently erased, and who was cognizant of the fraud, cannot avail himself of such erasure.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
*J. & E. Bermudez*, for plaintiff and appallent. *Henry St. Paul*, for defendant.

BUCHANAN, J. This is a revocatory action to set aside a sale alleged to be simulated, and made with the intention of defrauding plaintiff, a creditor of the vendor.

The defendant was the vendee; and there is a prayer for nullity of the sale, and for general relief.

On the trial in the court below, the plaintiff's counsel requested the court to charge the jury, that when the vendor continues in the corporeal possession of the thing sold, the sale is presumed fraudulent; and, also, that if the jury finds that *Jacques & Theodule Bachemin, Jr.*, have continued in the possession of the property in question, the plaintiff is relieved from the necessity of proving the simulation of the transaction; that the burden of establishing the reality of the sale rests upon defendant.

Upon the refusal of the court to give this charge, plaintiff excepted.

We are of opinion, that there was error in this ruling. The charge requested was but but a repetition of the doctrine enunciated in Articles 1915 and 2456 of the Civil Code.

The plaintiff reserved an exception, also, to the refusal of the court to charge the jury, " that if the jury find that the defendant knew of the fraudulent proceedings of *J. & T. Bachemin, Jrs.*, they must find for plaintiff."

The petition charges that *Theodule & Jacques Bachemin, Juniors*, with a view and the intent to avoid the execution of a judgment which plaintiff has obtained against them, did, fraudulently and without consideration, sell and transfer to defendant, (their grand-mother,) a lot of ground, with buildings and improvements, on which property plaintiff had a special mortgage; but that the inscription of said mortgage had been erased, through fraudulent practices of the said vendors, and that defendant was cognizant of the fraudulent means resorted to by her said vendors for the purpose of having the mortgage of plaintiff erased. The object of this suit is to have the property, thus conveyed, rendered subject to the plaintiff's claim under his judgment and mortgage.

We are of opinion, that the plaintiff was entitled to the charge requested. An erasure of a mortgage, procured through fraudulent means, should not protect the property from the operation of the mortgage, in the hands of a third possessor, to whom knowledge of the fraud is brought home by the evidence, to the satisfaction of the jury.

We do not, however, find it necessary to send back this case for a new trial, on account of the errors above mentioned, as the evidence before us, appears sufficient to determine the cause. It has been already tried twice; the first time, before the Judge of the first District Court of New Orleans, whose judgment was in favor of plaintiff; the second time, before a jury in the Second District Court of New Orleans, who found for defendant. The record in both courts is before us, as well as that of another suit, to which plaintiff and defendant were parties, growing out of the transaction upon which the plaintiff's claim is founded.

From these records, it appears that a lot of ground, with the buildings thereon, in the possession of *Jacques & Theodule Bachemin, Juniors,* was subject to a mortgage to which plaintiff was subrogated; that said mortgage had been given to secure the payment of a note which *Jacques & Theodule Bachemin, Juniors,* had assumed, upon which plaintiff was endorser, which he had paid supra protest, and thereby became subrogated of right to the mortgage of the original holder; that the said *Jacques & Theodule Bachemin, Juniors,* had got possession of the note, by false pretenses, and had availed themselves of their possession of the note to have the mortgage erased, as if they had paid the same, that they subsequently sold the mortgage property to defendant, with a certificate from the mortgage office, which made no mention of the plaintiff's mortgage. The fraudulent conduct of defendant's vendors is not disputed; nor can it be, for plaintiff is shown to have subsequently sued, and obtained judgment against those vendors, upon the very note which they pretended to have paid.

The evidence seems to show that all the parties to this sale resided upon the premises sold, as well before as after the sale. The testimony is conflicting as to the ability of defendant to make the payment of two thousand three hundred dollars in cash, which is declared in the act of sale. It is proved by two witnesses, that the defendant knew that the property was mortgaged for the note of one thousand dollars to the Insurance Company, and that plaintiff had paid the note. Under this proof, the plaintiff is entitled to judgment.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that the sale from *Jacques & Theodule Bachemin, Juniors,* to the defendant, of a lot of ground with the buildings and improvements, by act before *Laresche,* Notary, of date the 17th of January, 1850, be avoided as to its effects upon plaintiff as creditor of the vendors; and that the property conveyed by said sale be seized and sold in satisfaction of plaintiff's claims as subrogated to the mortgage granted by *Jacques Bachemin, Senior,* in favor of the Merchants' Insurance Company, by act before *Cenas,* Notary, of date the 31st of August, 1846, and as judgment creditor of *Jacques & Theodule Bachemin, Juniors,* upon the note to secure which said mortgage was granted, which note had been assumed by them; and that the defendant and appellee pay costs of this suit in both courts.