No. 3792.—E. T. MERRICK *v.* ROBERT MCCAUSLAND—On rule against JESSIE B. SIMS et als.

A judicial mortgage creditor of inferior rank to that of a conventional mortgage creditor may proceed by rule against the latter to show cause why his conventional mortgage should not be erased, without proceeding by direct action to set aside the conventional mortgage, and the conventional mortgage creditor must plead to the rule, and not except to the judicial mortgage creditor proceeding in that form to get rid of the mortgage.

APPEAL from the Seventh Judicial District Court, parish of West Feliciana.  *Cooley*, J.  *Samuel J. Powell*, for plaintiff and appellant.  *Dirhammer & Kennard*, for defendant and appellee.

HOWE, J.  The plaintiff claims to be a judicial mortgagee of the defendant by registry of June 16, 1866.  Jessie B. Sims and others claim a conventional mortgage, recorded October 19, 1865.

The plaintiff having caused the land to be seized for sale, and being embarrassed by the presence of this prior conventional mortgage took a rule on Sims and others and the recorder of mortgages, to show cause why it should not be erased, on the ground that it was a mere pretense, without any real consideration, or if given for any consideration made for notes of the so-called Confederate States.

A portion of the defendants in rule excepted that the plaintiff could not proceed in this summary way, but must bring a direct action, and their exception being sustained and the rule dismissed, the plaintiff has appealed.

We think the court *a qua* erred.  It seems to be settled that "where the property of one, against whom judgment has been rendered, appears to be subject to privileges or mortgages, entitled to a preference over the judgment creditor, the latter may, by rule to show cause, as incidental to the proceedings had for the purpose of selling the property, call upon those claiming such privileges, or mortgages, to show cause why they should not be erased.  The seizing creditor can not be required to resort to a direct action against such persons holding such privileges or mortgages."  1 An. 333.

It is true that in Bank *v.* Delery, 2 An. 650, it was held that the litigation concerning all such privileges and mortgages was not to be cumulated with the rule, and the apparent prior incumbrancer deprived of a jury; but it was still held that he was bound to plead, the court having power to compel him to litigate or else to have erased from the records an incumbrance which he was refusing to execute and which might be kept on the records for purposes of collusion and fraud.

It seems then that in this case the defendants in rule should plead and not except.  Whether their answer when filed will prove to be one which under the decision in Delery's case will justify the lower judge in declining to pass upon the rule until the reality and validity of their

mortgage shall have been elsewhere decided is a matter in regard to which we are not called upon to prophesy or adjudicate.

Let the judgment be reversed, the exception dismissed, and the cause remanded for further proceedings, at the costs of appellee.

Wyly, J., concurring.

———

HOWELL, J., *dissenting.* I can not concur in the opinion or conclusion of the majority of the court in this case.

The appellant is seeking to get rid of a mortgage which ranks his, and the ground on which he relies is thus stated: "That said pretended mortgage was given without any real consideration; or, if a supposed consideration, the same was for the unlawful notes or currency of the so-called Confederate States." Now it seems perfectly clear to me that this is "a cause of action," which can only be presented to a court by petition and citation. The consideration, the validity and legality of the adversary's rights are, on the face of the rule, brought in question, and the latter has a right by all the rules of litigation, to have the issues made and tried in the regular form of action and to demand a jury if he wishes.

The question is asked, could the appellant, having the property under seizure or execution, and holding a junior mortgage on this property compel the owners of the senior mortgage, *by rule,* to show cause why their mortgage should not be erased? Whether or not there may be cases where this could be done need not here be decided; but this is not such a case, for here the merits of the debt and mortgage are involved and should be ascertained in a regular suit. I know of no law which authorizes the proceeding by rule in a case like this, and it is settled that summary proceedings can not be extended beyond the cases expressly authorized by law. See C. P. 98, 170, 754, 756; 3 An. 434; 12 An. 182, 201, 799; 17 An. 317.

In the section of the R. C. C., upon the erasure of mortgages, it is declared that the inscription of mortgages may be erased by virtue of a judgment ordering such erasure; but, excepting as between parties to a pending suit, it is clearly indicated that there is a right of action existing to compel the creditor in case of refusal to grant the erasure, and that this creditor must be cited.

Why say the defendants in rule must plead and allege a real defense, before they can be heard to object to the form of proceeding, when the issue is tendered in the rule, and a general denial, if it were a petition, would put the plaintiff upon the proof of his allegations? The very act of excepting is evidence that the defendants wish to avail themselves of any defense they may have, if plaintiff persists in his demand. The exception to the form of action is one which must be pleaded *in limine,* and may be waived by pleading to the merits. A

simple allegation that he has a defense added to the exception can have little weight.

The appellant's case is simply this: He holds a second mortgage on certain lands, which will not sell under his execution, after several trials, for sufficient to cover the first mortgage, and he is therefore, he says, entitled to a summary proceeding to get rid of that mortgage on the allegation or ground that its consideration is not a good one in law or morals. In my opinion he must resort to the ordinary form of action to try this question.