No. 6259.

JEAN DUTREY vs. BERTRAND LAGUENS.

28  753
48  406

After the rendition of a judgment in favor of the plaintiff against defendant, the wife of said defendant died leaving minor children, of whom he became the tutor. Execution issued on the judgment, and plaintiff took a rule to show cause why certain mortgages should not be erased from the property seized. The defendant's exception to the jurisdiction of the Fifth District Court, upon the ground that it is a succession matter, and must be determined by the Second District Court, can not be maintained. It is not strictly a succession matter, but simply a rule taken in a court out of which an execution issued, to show cause why certain mortgages which stood in the way of the judgment should not be erased. The Fifth District Court, which rendered the judgment, was the proper tribunal to pass upon all subjects relating to the execution thereof.

The objection that this proceeding could not be by rule, but should be by direct action, is not well founded.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J.* *James Timony*, for plaintiff and appellee. *J. Méunier*, for defendant and appellant.

MORGAN, J. Plaintiff obtained judgment against the defendant. After the rendition of this judgment the wife of the defendant died, leaving

minor children.   The defendant became by law their tutor.   Execution issued on the judgment, and property was seized.   It appears that the recorder of mortgages certifies that there exists on the property seized several mortgages, among them one in favor of the minors.

Plaintiff took a rule on the mortgagees to show cause why the mortgages should not be erased.

The defendant, tutor, excepts to the jurisdiction of the Fifth District Court, upon the ground that it is a succession matter, and must be determined by the Second District Court.   We think it was not, strictly speaking, a succession matter.    It is simply a rule taken in a court out of which an execution issued, to show cause why certain mortgages which stood in the way of the judgment should not be erased.   The Fifth District Court, which rendered the judgment, was the proper tribunal to pass upon all subjects relating to the execution thereof.

The second objection, is that the proceeding can not be by rule, but should be by direct action.   We think the proceeding by rule was proper.

As regards the mortgages in favor of A. Rochereau & Co. and Jean Taphil, the evidence shows that they have been discharged by payment of the debts which they were given to secure.

As regards the minors' mortgage, the record shows that by the marriage contract between their mother and father the defendant recognized that their mother had brought into marriage furniture amounting to one hundred dollars, and other property, consisting of notes, amounting to $2021, all of which was taken possession of by the defendant, and that the marriage contract was duly recorded on the sixth of October, 1860. The mortgage for those two amounts, therefore, rests in favor of the minors on the defendant's property.

The judgment appealed from, in so far as it regards A. Rochereau & Co. and Jean Taphil, is correct.   As regards the minors' mortgage it is wrong.

It is therefore ordered that the judgment be affirmed as to Rochereau & Co. and Jean Taphil, and that as regards the minors' mortgage it be avoided, annulled, and reversed, defendant to pay the costs in the district court; those of the appeal to be paid by the plaintiff.

---

WYLY, J., *dissenting*.   Plaintiff, a judgment creditor of defendant, seized certain property belonging to him and took a rule in the Fifth District Court to cause the erasure of two general mortgages in favor of his minor children, whom he represents as natural tutor:

First—The one resulting from the marriage contract with his deceased wife.

Second—The one resulting from the tutorship of his minor children.

Dutrey vs. Laguons.

Defendant, in his capacity as tutor, excepted to the proceeding—

First—That the court was without jurisdiction *ratione personæ* in regard to the validity or existence of the mortgages owned by his minor children.

Second—The proceeding by rule is unwarrantable; plaintiff must bring a direct action.

Third—In a direct action defendant would establish the reality of the rights claimed for his children and the validity of their mortgages.

The court maintained the rule and ordered the mortgages to be canceled. Thereupon defendant appealed.

I think the court erred. The Fifth District Court was without jurisdiction to determine the rights of the minors represented by plaintiff as natural tutor, or to inquire into the validity of the mortgages belonging to them. The Second District Court has exclusive jurisdiction of "all matters relative to minors." Revised Statutes, section 2011.

It is true, a judgment creditor of the community need not pursue his rights in the succession of a wife, but may seize, under execution, community property to satisfy his judgment. Still, if he desires the mortgages of minors bearing on that property erased, he must apply to the court having jurisdiction of minors or matters relating to them.

I therefore dissent in this case.

Rehearing refused.