## No. 9350.

### ROMAIN BUSSIERÉ VS. ELIAS WILLIAMS ET ALS.

In a rule taken by a judgment creditor against parties holding mortgage rights against the property of his debtor, for the purpose of obtaining the erasure of such mortgages, the test of the jurisdiction of the Supreme Court is in the amount of the mortgage thus sought to be cancelled, and not in the amount of the judgment, or in the value of the property affected thereby. State ex rel. Bloss vs. Judges. 33 Ann. 1351, affirmed.

An appeal bond, although not signed by the appellant, is sufficient if signed by the surety.

A judgment creditor has the legal right to remove obstacles preventing the satisfaction of his judgment on his debtor's property.

To that end he is authorized in law to proceed by rule against his debtor's mortgages, pending his execution and before the sale.

APPEAL from the Twenty-sixth District Court, Parish of St. John the Baptist. *Hahn*, J.

*L. DePoorter* for Plaintiff and Appellant.

*J. D. Augustin, C. A. Baquié, Jules Reine* and *Gervais Leche*, for Defendants and Appellees.

#### ON RULE TO ERASE MORTGAGE.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff, having issued execution on a judgment which he holds against the defendant, in the sum of $350.00, proceeded by

rule, contradictorily with the defendant, with the latter's daughter and with the recorder of mortgages, for the erasure of the legal mortgage inscribed on his debtor's property, in favor of his said daughter, and amounting to some $4,000.

He has taken this appeal from a judgment discharging his rule, on the ground that it was not the proper proceeding, and that it appeared that the defendant's daughter had a proprietary interest in the property seized under plaintiff's execution.

The motion to dismiss presents two points:

1. That the bond of appeal is not signed by the appellant, but by the security only. The point is not well taken, and has long since been disposed of in our jurisprudence. It is now elementary that the appeal bond is sufficient, if signed by the surety alone. Murell vs. Murell, 33 Ann. 1235, and authorities therein cited.

2. It is next contended that the amount of the judgment in execution being the test of jurisdiction, this Court is clearly without jurisdiction over the matter in dispute.

The effect of the judgment on the rule, if decided in favor of plaintiff, would be the cancellation or erasure of a mortgage exceeding four thousand dollars in amount. The validity *vel non* of that mortgage is the real matter in dispute between the plaintiff and the holder of the legal mortgage, which the former wishes to cancel, and which the latter seeks to maintain. This question is entirely covered by our decision in the case of the State ex rel. Bloss vs. Judges of the Court of Appeals, 33 Ann. 1351. The motion to dismiss is therefore overruled.

---

### On the Merits.

Under our understanding of the pleadings the only issue involved in this appeal is the right of plaintiff to proceed by rule for the purpose of having the legal mortgage cancelled and erased.

There is no force in the position taken by Ophelia Williams, the defendant's daughter, the mortgagee, that as she was not a party to the original suit, which resulted in the judgment against her father, she could not be brought into court otherwise than by petition and citation, or that the rule is premature because it was brought before the sale of the property or previous to any act on her part looking to a claim of preference on the property or its proceeds.

A judgment creditor has the undoubted legal right to remove obstacles, such as mortgages which may stand in the way of satisfying his judgment—and our jurisprudence has firmly settled the practice

that for such a purpose he may proceed by rule, and that he may by that means bring into court parties who apparently hold mortgages on his debtor's property, although they were not parties in any way to his original suit. Bayhi vs. Bayhi, 35 Ann. 529; Morris vs. Cain's Executors, 34 Ann. 665, and numerous authorities therein referred to.

The district judge committed a grievous error, in the light of correct practice, in considering, under the only issue which was tendered by plaintiff, that ground of Ophelia Williams' exception which suggested her alleged rights of ownership to the property under seizure. She cannot smuggle such a question under an issue of the validity of her mortgage. Under his rule, plaintiff has the legal right to discuss her mortgage claims, even if they should affect, as she contends, but one-half of the property now under seizure.

The judgment appealed from is therefore reversed; it is now ordered, that plaintiff's rule be reinstated and that the cause be remanded to the lower court to be proceeded with according to law and to the views herein expressed. Costs of appeal to be paid by defendants, costs of the rule to abide the final determination of the same.

Rehearing refused.