## No. 11,984.

### N. P. PHILLIPS VS. FELICIANA COTTON OIL COMPANY AND MENTE & CO. VS. FELICIANA COTTON OIL COMPANY, CONSOLIDATED ON RULES VS. STEINHARDT & CO.

Creditor and debtor having by written agreement established between themselves the relations of factor and customer, and definitely agreed upon the amount of credit which should be given by the former, and the manner in which the latter should discharge the same by the consignment, and proceeds of sale of products, other and subsequent creditors of the common debtor are without right to complain.

If, upon ascertaining that the original amount agreed upon was an insufficient basis, and that additional advances of money were necessary to maintain the debtor's business, the original agreement be supplemented, the advances thereunder made will be protected by subsequent shipments, and the proceeds thereof can be rightfully and legally imputed and applied thereto.

In case the debtor and creditor enter into a written contract of pledge, and another of mortgage, of contemporaneous date, securing the same obligations' same must be construed as being component parts of one engagement, so that the whole may have effect.

APPEAL from the Thirteenth Judicial District Court for the Parish of West Feliciana. *Brame, J.*

---

*W. W. Leake* for Plaintiffs, Appellants.

---

*Bernard Titche* for Defendants in Rule, Apellees.

---

Submitted on briefs January 7, 1896.
Opinion handed down February 10, 1896.

The opinion of the court was delivered by

WATKINS, J.   Representing themselves, respectively, to be mortgage and judgment creditors of the Feliciana Cotton Oil Company,
the plaintiffs in the two aforesaid suits proceeded by rule, in the
court of the domicile of their mortgage and judgment debtor, to coerce the defendants in rule, Steinhardt & Co., to cause to be canceled and erased from the mortgage records of that jurisdiction,
their conventional mortgage against the Feliciana Cotton Oil Company
for the sum of twelve thousand five hundred dollars, on the ground
that same had been paid, and fully satisfied; and that its retention
upon the record would be an impediment to the execution of their
judgment and the foreclosure of their mortgage against the Feliciana Cotton Oil Company.

This proceeding by rule was met on the part of Steinhardt & Co.
by the following exceptions, viz.:

1. That they are residents and citizens of the parish of Orleans,
and the court of the parish of West Feliciana is without jurisdiction
*ratione personæ.*

2. That plaintiffs had no legal right to proceed by *rule;* and could
have alone proceeded by *suit* in the ordinary form.

3. That the rule discloses no cause of action.

4. That in the proceedings on the part of Steinhardt & Co. against
the Feliciana Cotton Oil Company to foreclose their mortgage plaintiffs in rule are seeking to have canceled, the last named filed a petition of intervention and third opposition, claiming the right to be
paid out of the proceeds of the sale of the mortgaged property under
executory proceedings, the amount of their respective claims; and
that they are thereby estopped from contesting the *existence* of said
conventional mortgage.

The court considered said exceptions as an answer to the rule, but
permitted them to answer over.

Thereupon they filed an answer denying that any part of the
mortgage indebtedness had been paid, and averring that the whole
amount was and still is due.

That the entire products which were shipped to them were sold
for, and credited upon the *open account* of the Feliciana Cotton Oil
Company in settlement *pro tanto* of the money they had advanced to
the mill, and that in the shipments, when made, it was thus expressly
agreed and understood between the parties.

On these issues there was judgment discharging the rule, and plaintiffs in rule have appealed.

The transcript shows that the oil company executed, contemporaneously, in favor of Steinhardt & Co., an act of mortgage for twelve thousand five hundred dollars, and an act of pledge on the 3d of September, 1894; and that the oil company gave a mortgage and pledge to Mente & Co. for one thousand three hundred and thirteen dollars on the 16th of February, 1895, in settlement of an open account. That Phillips obtained judgment against the oil company on the 10th of April, 1895, for four thousand five hundred and twenty-nine dollars and thirty-eight cents; and Mente & Co. also obtained a judgment recognizing and enforcing their special mortgage; and these judgments were duly recorded, resulting in judicial mortgages which are second in rank to that of Steinhardt & Co.

Steinhardt & Co. foreclosed their mortgage and caused the mortgaged property to be adjudicated to them in May, 1895, for the price of ten thousand dollars.

I.

With regard to the jurisdiction of the court we think it undoubted.

The creditor had obtained his judgment in the court of West Feliciana parish against the oil company, and had it registered there to operate as a judicial mortgage. He caused an execution to issue under that judgment and the property of his debtor thereon situated to be seized; and finding it encumbered by a prior mortgage which he believed to have been fully paid, he took proceedings before the court of that parish for the purpose of procuring its cancellation, because it was an impediment to his execution.

That court was the proper court to pass upon that issue; and proceeding by rule was a proper one for that purpose. Dutrey vs. Laguens, 28 An. 753; Morris vs. Cain's Executors, 34 An. 665; Bussiere vs. Williams, 37 An. 387; Leeds vs. Jones, 37 An. 427.

The plea of no cause of action is not good; for, on the theory of plaintiffs in rule, that the mortgage of Steinhardt & Co. had been paid, there was a cause of action and a right to execution.

II.

With regard to the estoppel raised on the interventions of Phillips, and Mente & Co. it appears that they did substantially set out and reiterate therein the averments of their rule, to the effect that the

mortgage which Steinhardt & Co. are proceeding to enforce against the oil company in their executory proceedings had been paid, and that the writ of seizure and sale had been issued *since* the filing and service of their rule for its cancellation. That the proceeds which shall be realized from the sale of the property, which is subject to their mortgages, should be . paid to them and applied to the satisfaction of their mortgages.

The situation, as thus stated, is peculiar and exceptional, and must be interpreted in the light of the surrounding circumstances, and the rule which preceded the seizure, to which it was subordinated; and being thus interpreted the plea of estoppel is not good.

### III.

On the main issue, the facts are, that simultaneously with the act of mortgage, which was executed on the 3d of September, 1894, the oi company made and entered into a supplemental written agreement; and therefrom we make the following extracts, as illustrative of the mutual obligations of the parties, viz. :

That whereas, it has become necessary for the Feliciana Oil Company to borrow money for the purpose of buying cotton seed and to operate its mill and carry on its business, and, for that purpose, Steinhardt & Co. have agreed and do hereby advance to the said company the sum of twelve thousand five hundred dollars for said purpose, the following agreement is made and entered into, viz. :

Steinhardt & Co. agree to advance to the oil company twelve thousand five hundred dollars in the following instalments, to-wit: Twenty-five hundred dollars during the month of September, 1894, seven thousand dollars during the month of October, 1894, and three thousand dollars during the month of November, 1894.

That in order to secure to Steinhardt & Co. the reimbursement of such sums, the oil company is to execute its several promissory notes as follows, to-wit: One for two thousand dollars, falling due on the 1st of February, 1895; one for three thousand dollars, falling due on the 1st of March, 1895; one for three thousand five hundred dollars, falling due on the 1st of April, 1895; and the last for four thousand dollars, falling due on the 1st of May, 1895.

That the oil company agrees to secure the punctual payment of the aforesaid notes by granting a first mortgage on its property, and "said mortgage is to form a part of the present agreement."

That Steinhardt & Co. shall have the control and sale of the products of the oil company—"that is, the sale of all the products which shall be made through the said Steinhardt & Co. at the prevailing market prices, etc."

That the cotton seed which are on hand are to be worked up by the oil company and the proceeds of sale are to be paid to Steinhardt & Co. in satisfaction of said notes, commencing with the one first falling due, and to continue until all are paid. "It being well understood that all sums received by said Steinhardt & Co. as the proceeds of the sale of any of the products of said company, consigned to them as aforesaid, shall be applied to the payment of the aforesaid obligations of said company in the order of their respective maurities."

That it is further stipulated that "as a further security for the reimbursement of said sum " the oil company " *hereby pledges to the said Steinhardt & Co. all the seed which* it may at any time have on hand, and *all the products thereof*," etc.

The following are the stipulations of the act of mortgage, substantially, viz. :

That the oil company is justly and truly indebted unto Steinhardt & Co. in the sum of twelve thousand five hundred dollars, in evidence whereof it has executed its four promissory notes of even date therewith for the sums of two thousand dollars, three thousand dollars, three thousand five hundred dollars and four thousand dollars, respectively, and maturing on the first days of February, March, April and May, 1895, respectively; and all made payable to Steinhardt & Co.

That to secure the punctual payment of said notes at their respective maturities, the oil company executed a conventional mortgage upon its property in the usual form, and caused same to be duly recorded.

It is quite clear that the foregoing covenants evidence the primary agreements between the parties; Steinhardt & Co. agreeing to furnish to the oil company the sum of twelve thousand five hundred dollars in money to *enable the latter to buy cotton seed*, and to operate its oil mill plant advantageously; and the oil company agreeing to execute and deliver their four promissory notes, in the amounts stated, said notes to represent the amounts of cash to be thereafter advanced, and account thereof to be kept.

It is equally evident that the mortgage which was consented by the company secured the payment of said notes, and was a component part of said agreement. The agreement thus stipulates.

The proof shows that Steinhardt & Co. advanced the full amount of the mortgage notes to the oil company and more; and that said additional advances were made in pursuance of a supplemental agreement made in November, 1894, and upon the original act of pledge.

The mortgage notes of the oil company were discounted by Steinhardt & Co., and the proceeds placed on their books to its credit. This sum was drawn out in October, 1894, and the account current shows a net debt balance against the oil company of about three hundred and eighty dollars on November 1, 1894.

During the following months the oil company drew on Steinhardt & Co. for the following amounts approximately, viz. :

In November and December, 1894 ......................................................................$12,483 87
In January, 1895............. ........ ....................... ............. .... ......... ........................ 2,636 27
In February, 1895.......... .... ..................... ............... .... .................................... 2,130 18
In March, 1895 ................... ....................... ..................... ......... .................... 607 83
In April, 1895 ..... ........ ................................. ...................... ........................... 221 90
In May, 1895.......................... ............................. ............. ............................ 127 61

    Total amount ...........................................................................................$28,588 60

This is subject to a credit of about twenty-seven thousand seven hundred and thirty-five dollars and fifty-six cents as the proceeds of oil products the company shipped to Steinhardt & Co., leaving a balance due on account of eight hundred and fifty-three dollars and four cents, and the mortgage notes of the oil company unpaid. This is only an approximate calculation, and it is not intended to control the settlement of accounts of Steinhardt & Co. with the oil company. It is intended only to exhibit the situation of affairs between them relative to the averments of the petition of plaintiffs in rule. The result of this investigation is that the proceeds of the discounted notes were withdrawn early in October, 1894; and that, in pursuance of a supplemental agreement, Steinhardt & Co. made to the oil company large additional advances on open account, to which the proceeds of all the products of the oil company subsequently shipped were to be applied, same having been previously pledged.

Under the original agreement the relations of factor and customer were established, and same were continued under their subsequent agreement, *without change* or interruption. These agreements are

in writing, and were in existence when plaintiffs in rule entered into contractual relations with the oil company.

The parties stand before the court upon their respective contract rights, and against which no charge of fault or fraud is made; and there is nothing in the contract which would justify us in disturbing them.

Judgment affirmed.