### No. 9577
### Orleans

---

## MULLING v. JONES

(January 31, 1927.  Opinion and Decree.)
(February 14, 1927.  Rehearing Refused.)
(April 25, 1927.  Writ to Supreme Court Granted.)
(November 28, 1927.  Opinion and Decree of Supreme Court on Writ of Certiorari and Review; affirmed.  See 164 La. —, 114 So. 725.

---

*(Syllabus by the Court)*

1.  **Louisiana Digest—Judgment—Par. 238, 240.**
A rule is the proper proceeding to reinstate an inscription which has been erroneously cancelled by the sheriff.

2. **Louisiana Digest—Judgment—Par. 139, 238.**

A judgment setting aside a sheriff's sale has the effect of reinstating the parties in the same position they occupied before the sale, and of reviving a fieri facias and the inscription thereof in the mortgage office which had been cancelled by the sheriff by virtue of said sale.

3. **Louisiana Digest—Judgment—Par. 232; Mortgages—Par. 37.**

An erroneous cancellation of the inscription of a mortgage does not affect the mortgagee; the inscription remains unimpaired even as against an innocent purchaser with a clear mortgage certificate.

4. **Louisiana Digest—Mortgages—Par. 37, 48.**

A distinction exists between the failure to record a mortgage and an illegal erasure of an actual inscription. But a third party who is aware of the illegal cancellation of an inscription cannot avail himself of such cancellation.

5. **Louisiana Digest—Judgment—Par. 277.**

The prescription of judgments is interrupted by all the other methods of interruption provided by law in addition to the method mentioned in C. C. 3547.

Appeal from Civil District Court. Hon. Mark M. Boatner, Judge.

Action by Ed. Mulling against Clara Jones.

There was judgment for defendant and plaintiff appealed.

Judgment amended and affirmed.

P. W. Maloney, Edward Rightor, Geo. Montgomery, and W. O. Hart, of New Orleans, attorneys for defendant in rule, appellee.

Charles J. Rivet, of New Orleans, attorney for mover in rule, appellant.

CLAIBORNE, J. On May 28, 1912, on defendants' confession of judgment there was judgment in favor of plaintiff against the two defendants in solido, Adele Maloney, wife of Henry M. Hoyle, and Mrs. Agnes Maloney, wife of Frank Leland, for five thousand three hundred and fourteen and 67-100 dollars with legal interest from January 10, 1912, till paid.

On May 29, 1917, plaintiff issued a fieri facias on said judgment.

Under said writ the sheriff on same day seized:

"All the right, title, and interest of Mrs. Adele Maloney, wife of Henry Muller Hoyle, and Mrs. Agnes Maloney, wife of Frank Leland, in and to the following described property to-wit."

Then follows a description of two properties, one No. 201 and 203 Camp, and the other on Valmont street.

The sheriff then caused the seizure of said property to be duly recorded in the office of the Recorder of Mortgages for the Parish of Orleans on May 29, 1917, in Bk. 1193, p. 512.

The property seized as above described was advertised for sale. On July 19, 1917, further proceedings under the writ were stayed by order of the Supreme Court, and subsequently on December 13, 1917, by an injunction. The injunction was dissolved on May 7, 1919, by judgment of the Supreme Court, and the sheriff readvertised the property.

On May 26, 1919, he returned the writ and obtained a copy thereof from the clerk.

On July 17, 1917, the two defendants in the above suit, Mrs. Hoyle and Mrs. Leland, filed a petition in this suit in which they alleged that the confession of judgment and the judgment above mentioned were null for reasons therein stated, and they prayed for the nullity of the judgment and the setting aside of

the seizure thereunder and for an injunction arresting the sale.

On July 18, 1917, judgment was rendered against Mrs. Hoyle and Mrs. Leland dismissing their suit.

This judgment was reversed by the Supreme Court October 29, 1917 (Mulling vs. Jones et al., 142 La. 300, 76 So. 720), and a mandamus issued commanding the district judge to grant an injunction, which the judge did.

Mulling then answered the petition for an injunction and prayed for judgment "maintaining the judgment and decree rendered and signed on May 28, 1912, and the writ of execution and seizure".

On June 4, 1918, judgment was rendered in favor of plaintiff Mulling and against Mrs. Hoyle and Mrs. Leland, dismissing their suit to annul the judgment of May 28, 1912, and condemning them to pay to Mulling $5314.67 with interest subject to a credit of $4473.96.

This judgment was affirmed by the Court of Appeal under No. 7459, Tessier 129, on March 6, 1919, and a writ refused by the Supreme Court. A writ of error to the Supreme Court of the United States was also refused by the Court of Appeal.

The sheriff then proceeded with the advertisement of the property as seized and described by him and on June 12, 1919, adjudicated it to Meyer S. Dreyfous for account of Abraham S. Shushan for the price of $1700, and made a title to him under date of July 7, 1919, and registered the same in the Conveyance Office in Book 310, p. 212, on the same day, and cancelled the inscription of the writ of fieri facias in the Mortgage Office in Book 1193, p. 512.

On June 13, 1919, before Shushan had paid his bid, Mrs. Hoyle and Mrs. Leland filed a rule in which they alleged that the seizure and sale of their property was illegal, among other reasons "because of the fact that the ownership of movers in the said real estate was not seized, except such interest as they might own therein, and on further suggesting that the law requires that the said interests should be set out"; and they prayed that Mayer S. Dreyfous and E. Mulling show cause "why the proceedings leading up to the said adjudication and the said adjudication itself should not be declared to be null and void and the same cancelled and annulled".

By judgment rendered June 24, 1919, the above rule was dismissed. From this judgment Mrs. Hoyle and Mrs. Leland appealed.

By judgment rendered June 4, 1923, the Supreme Court reversed the above judgment and decreed that "the adjudication complained of be annulled and set aside, at the cost of Shushan and Mulling in both courts". Mulling vs. Jones et al., 153 La. 1091, 97 So. 202.

In the Supreme Court in the above case, on May 11, 1923, G. L. Deano filed an affidavit in which he attested that he had investigated the two properties advertised for sale herein and that two-sevenths thereof were worth $8000; that he would have bid at the sheriff's sale, but he had no way of ascertaining exactly what would come to him in case he was the purchaser, nor could anyone else from reading the advertisement.

There was an admission that the "Clara Jones" mentioned as defendant was a fictitious person, and that the name was used only for the purpose of screening the defendants, Mrs. Hoyle and Mrs. Leland.

On May 1, 1923, a rule was filed on behalf of Edward Mulling, through E. J. Bowers, Aty., in which he alleged that the

judgment herein rendered on May 28, 1912, was null, having been rendered without the sanction or knowledge of Mulling, and that he never had any claim against the defendants, and that they were not indebted to him in any sum, and he prayed that said judgment be annulled and set aside as well as all the subsequent proceedings thereunder against Mrs. Hoyle and Mrs. Leland.

B. Bennett, transferee of Mulling, and Harry Latter, transferee of Bennett, resisted this rule on the ground that Mulling had no further interest in the judgment, as was well known to E. J. Bowers.

On the trial of the rule Mulling admitted that he had signed the transfer. His counsel withdrew the rule.

On June 21, 1923, Adele Maloney, divorced wife of Henry Miller Hoyle, and Agnes Maloney, wife of Frank Leland, the defendants herein, through their attorney, Paul W. Maloney, sold their two-sevenths interest to Guy L. Deano.

On October 25, 1923, Harry Latter filed a rule in which he alleged all the facts hereinabove stated, more particularly the issuance of the fieri facias, the seizure by the sheriff of the property above mentioned, the recordation of the seizure in the Mortgage Office, the adjudication of the property to Shushan for account of the mover, Harry Latter, who did not pay any of the price, the cancellation of the writ of fieri facias from the Mortgage Office by the sheriff by virtue of said sale, the judgment of the Supreme Court setting aside the adjudication; the continued existence of the fieri facias unsatisfied; the vain action of the sheriff in cancelling from the Mortgage Office the inscription of the writ of fieri facias by virtue of an adjudication which had been annulled and the revival of the inscription by reason of

the cancellation of the adjudication. The mover concluded by praying that Mrs. Hoyle and Mrs. Leland and Guy L. Deano and the civil sheriff, and the recorder of mortgages show cause why Harry Latter should not be recognized as the assignee of plaintiff Mulling and why the writ of fieri facias and the seizure and the recordation thereof in the Mortgage Office should not be declared to be in full force and effect and the cancellation thereof by the sheriff to have been null and void, and why the sheriff should not proceed to readvertise the undivided two-sevenths of defendants in the two properties hereinabove mentioned, to satisfy the claim of Harry Latter.

The defendants in rule, Mrs. Hoyle and Leland, pleaded misjoinder of parties, that the rule was not sworn to, no cause of action, and that the proceeding should have been by petition and not by rule; that Latter is estopped for having held out Shushan as the owner of the property. In addition to these exceptions they filed a lengthy answer embodying practically a general denial of all the allegations of the rule.

Guy L. Deano filed the same exceptions as the above two defendants, and an answer denying all the allegations contained in plaintiff's rule except his ownership of the properties.

On the trial of the rule the deputy sheriff testified that he still held the alias fieri facias in his hands unsatisfied; the only credits were three items amounting to $4473.96.

Judgment was rendered February 11, 1924, making the rule absolute only in so far as "to recognize Harry Latter as assignee of the plaintiff and to be entitled to the further execution of the judgment herein, and in all other respects the rule was discharged."

Harry Latter appealed. Such is the Odyssey of this case presenting the questions now under consideration.

In this court the defendants, Mrs. Hoyle and Mrs. Leland, have asked that the judgment be amended by dismissing the rule as a whole.

I. The objection to the proceeding by rule is without weight.

The proceeding was ancillary to the main action and an incident thereof. C. P. 755; Larthet vs. Hogan, 1 La. Ann. 330; Bank of Louisiana vs. Delery, 2 La. Ann. 649; Merrick vs. Robert McCausland, 24 La. Ann. 256; Blair & Co. vs. Taylor, 25 La. Ann. 146; Dutrey vs. Laguens, 28 La. Ann. 753; New Orleans Natl. Bank vs. Raymond, 29 La. Ann. 358; Morris vs. Cain's Executors, 34 La. Ann. 665; Bayhi vs. Bayhi, 35 La. Ann. 528; Bussiere vs. Elias Williams, 37 La. Ann. 387; Phillips vs. Feliciana Cotton Oil Co., 48 La. Ann. 406, 19 So. 258; Schminke vs. Their Creditors, 50 La. Ann. 511, 23 So. 712; State vs. C. S. Jackson & Co., 145 La. 254, 82 So. 213.

II. As far as the defendants, Mrs. Hoyle and Mrs. Leland, are concerned, there can be no doubt that the sheriff was authorized to proceed with the execution of the fieri facias. The writ had issued and had been levied upon "all the rights, title and interest of both defendants in and to two pieces of property" fully described in the notice of seizure. This notice of seizure was recorded in the Mortgage Office, according to law; at the expiration of the fieri facias the sheriff secured a copy from the clerk. This copy lasted as long as the property seized remained unsold. The Supreme Court set aside the sale made by the sheriff; but this judgment did not affect the seizure nor the inscription thereof. On the contrary, the moment the judgment annulled the sale, it re-vived the inscription which had been erroneously cancelled by the sheriff under a sale decreed to be null. In other words, as the sheriff was authorized to cancel inscriptions only in execution of valid sales; if the sales were invalid his cancellation was unauthorized and null. The party in whose favor the inscription was made was not bound by an illegal cancellation. The sale having been set aside and anulled all things were reinstated in the condition in which they were prior to the sale, the seizure and the inscription were revived as of that date. Germaine vs. Mallerich, 31 La. Ann. 371 (374). *Non a morte sed a somno resurgit.*

"The annullment or rescission of the sale would have the effect of placing the parties in the position they held before the sale, each party being restored to the rights he had then had, and abandoning those which had ineffectually been transported to him." N. O. Ins. Assn. vs. Labranche, 31 La. Ann. 839 (841), 7 Orl. App. 270.

"The title by which the holder of a mortgage note sought to acquire the mortgaged property, being anulled, confusion and extinguishment cease and the mortgage still exists." Spencer vs. Goodman & Bradfield, 33 La. Ann. 898 (909), affirmed in Dawson vs. Thorpe, 39 La. Ann. 368, 1 South. 686.

In the case of Chaffe vs. Morgan, 30 A. 1307, the plaintiff, Chaffe, was a mortgage note creditor of the defendant, Morgan. In payment of the note Morgan sold the mortgaged property to Chaffe, and obtained from him a receipt in payment of the note. At the suit of Schultz, a mortgage creditor of Morgan, this sale was set aside. Schultz then presented this receipt to the recorder of mortgages and caused the cancellation of the mortgage inscription. Chaffe then brought suit to enforce his mortgage and the inscription thereof.

The court decided that the sale having been annulled the mortgage and the in-

scription revived in favor of Chaffe, quoting several authorities.

7 Toullier, S. 144; 2 Larombiere, p. 286; 33 Dalloz Rep., p. 235; S. 1946, specially New Orleans Insurance Assn. vs. Labranche, 31 La. Ann. 842.

III. But Deano argued, and his contention was maintained by the district judge, that as far as he was concerned the inscription was cancelled and could not be revived to his prejudice, and that he was protected by a clear mortgage certificate which accompanied the act of sale to him. Such is not the law. Deano is in no better position than Mrs. Hoyle and Mrs. Leland. As far back as 1844 in the case of Macarty vs. Landreaux, 8 Rob. 130, the court said, on p. 135:

"The vested right which a mortgagee has acquired by the registry of his mortgage, is surely not held at the will and pleasure of the recorder of mortgages. This officer cannot by his own act destroy the mortgage of a party, and substitute to it the guarantee of his personal or official responsibility.

"He can have no control over a mortgage when it has been duly recorded. It becomes the property of the mortgagee from whom it can be taken only in one of the modes pointed out by law. This court has held that the certificate of the recorder of mortgages forms only prima facie evidence of the facts stated in it; that it is not conclusive and may be contradicted. The mortgagee may show that the certificate is untrue; that the recorder acted on insufficient evidence, and without his consent, or, in case of an erasure by judgment, that he was not a party to the action brought, or proceeding instituted to cancel his mortgage. In such cases the mortgage, we think, exists unimpaired, even against the innocent vendee, who has bought on the faith of a certificate that there was no mortgage on the property. It has been urged that as conventional mortgages have effect against third persons only from the date of their inscription upon the books of the recorder

of mortgages their effect necessarily ceases the moment the inscription is erased. It is true that it is the enregistering alone which gives effect to mortgages against third persons; therefore if a mortgage is not recorded at all, or is recorded for less than its real amount, the mortgage creditor acquires no right as to third persons, except for the amount mentioned in the registry made by the recorder. 4 R. 5. But it is otherwise, we think, when a correct registry has been the case. Its effect does not cease because the recorder, through error or design, has erased it, and delivered a certificate declaring that it no longer exists." Affirmed in De St. Romes vs. Blane, 20 La. Ann. 424; Horton vs. Cutler, 28 La. Ann. 331 (334).

"The erroneous cancellation of the inscription of the mortgage securing this genuine note can of course have no effect upon, or, in other words, cannot prejudice any rights Nienaber might have, and no contention is made in that regard." Levy vs. Desposito, 133 La. 129.

"When a tax sale is annulled the mortgage upon the property will revive with the rank it held at the date of the sale." 31 A. 839.

"Where the records of mortgages were fraudulently cancelled without the consent of the mortgagee such cancellations had no effect to free the lands in the hands of third persons who acquired the property in good faith relying upon the clear record from subjection to the mortgages." Gallagher vs. Conner, 138 La. 633, 70 So. 539. Citing all the cases above quoted from—Macarty vs. Laudreux, 8 Rob. 130, to State vs. Langford, 133 La. 120, 62 So. 597.

But Deano cannot be considered a third person in this case. He filed an affidavit in the Supreme Court in the suit to annul the adjudication on May 11, 1923, less than one month prior to the judgment of the Supreme Court of June 4, 1923. He must have known of the judgment and its legal consequences. He purchased on June 21, 1923. In Bacheman vs. Chaperon, 15 La. Ann. 4, the court said:

"An erasure of a mortgage, procured through fraudulent means, should not protect the property from the operation of the mortgage in the hands of a third possessor, to whom knowledge of the fraud is brought home by the evidence to the satisfaction of the jury."

IV. The plea of prescription against the judgment of May 28, 1912, is not well founded. It has been the subject of constant litigation since 1917 and by judgment of June 4, 1918, its validity was recognized. In interpreting Article C. C. 3547, the Supreme Court decided that the statute of 1853, amending C. C. 3547, did not provide an exclusive mode of interrupting the prescription of judgments, but left such prescriptions subject to all the other modes of interruption provided by law. Succession of Patrick, 30 La. Ann. 1071; Calhoun vs. Levy, 33 La. Ann. 1296; Levy vs. Calhoun, 34 La. Ann. 413; Succession of Saunders, 37 La. Ann. 769.

It is therefore ordered that the judgment appealed from be amended by decreeing the writ of fieri facias and the seizure and the recordation thereof in the Mortgage Office mentioned hereinabove to be in full force and effect and the cancellation threof by the sheriff to be null and void, and that the sheriff proceed to readvertise the undivided two-sevenths of the defendants herein in the two properties hereinabove mentioned to pay and satisfy the claim of Harry Latter specified in the writ of fieri facias subject to all the credits mentioned in the judgment of June 4, 1918.

It is further ordered that as amended said judgment be affirmed at the cost of defendants in both courts.

Judgment amended and affirmed.