ELLIS, Judge.
This suit was originally brought by execu-tory process to enforce a promissory note and mortgage for $14,500 upon a newly con■structed dwelling in Ogden Park Subdivision of Baton Rouge, Louisiana. Several incidental petitions were filed by the plaintiff, William Warren Munson in an effort to subordinate or cancel certain liens affecting the subject property which apparently primed plaintiff’s mortgage. In each of these proceedings plaintiff proceeded by rule nisi against the lien-holder in question. The record now presented to this court contains an appeal by lien-holder, Eugene B. Loar, from a judgment on the rule in favor of the plaintiff.
Most of the facts presented are not in dispute. During the latter part of 1956 and the early part of 1957, Eugene B. Loar, furnished certain materials and performed certain labor which was necessary to finish and paint the interior of a home. This home was being constructed for the named defendants, Bertie D. Risinger and Robert E. Risinger. Mr. Risinger died thereafter on March 20, 1958. The mortgage which plaintiff sued upon, dated April 11, 1957, was recorded in the Mortgage Records of East Baton Rouge Parish on April 12, 1957. Defendant in rule, Eugene B. Loar, filed a $350 labor and material lien against the Risinger property on May 27, 1957. Loar then filed suit to enforce the lien on September 27, 1957 and reduced the suit to judgment February 14, 1958, without having made William W. Munson a party to the proceedings.
On January 7, 1959, the proceedings now at issue were filed and the defendant in rule, Eugene B. Loar, was ordered to show cause why his lien should not be found to be subordinate to the plaintiff’s mortgage. The plaintiff’s theory was that he had relied to his detriment upon a receipt for payment in full for all labor and material supplied by the defendant in rule. This receipt was given to the mortgagor by Loar several months prior to the execution of the mortgage. The mortgagor then gave the receipt to the plaintiff and the mortgage loan was made thereafter.
Judgment was granted for plaintiff on the rule and the defendant in rule perfected an appeal from this judgment.
Counsel for defendant in rule urges several grounds for reversal, on appeal, as follows:
*58 (1) That the plaintiff did not rely upon the receipt to his detriment but knew that the receipt had been issued by defendant in rule before the debt was fully liquidated in order for Risinger to obtain the loan; therefore the lien primes Munson’s mortgage.
(2) That the trial judge did not allow defendant in rule to thoroughly develop the testimony evidence of plaintiff’s bad faith regarding this paid receipt and that this ruling was reversible error.
(3) That the instant action constitutes a collateral attack on a judgment of a competent tribunal and should not be allowed.
We feel, as did the trial court, that plaintiff has proven his case by a preponderance of the evidence as set forth above as he introduced a paid receipt which was admittedly executed by defendant in rule. It is also admitted that the receipt in question was a part of the same transaction upon which Loar’s lien was based.
Plaintiff denied having knowledge that the receipt was given prior to the time that Loar received any amounts under the contract. He stated that he took the receipt in good faith and thought that he was dealing with reliable people. This is the gist of his testimony concerning this point in the case.
In addition, Loar himself did not testify that he had ever contacted Munson, nor that he knew that Munson had knowledge that the paid receipt in question was not valid. Loar stated that he had done several jobs for Risinger and that he had always gotten his money for the work although he usually had to wait a while for the payment.
Another fact which should be stressed is that the lien was not filed until after the mortgage was recorded.
There is nothing in the record to indicate that the plaintiff had actual knowledge of the facts surrounding the issuance of the paid receipt.
We feel that plaintiff has proven that he relied to his detriment on the receipt which the defendant in rule issued and, therefore, defendant in rule is es-topped from asserting preference for his judgment. It is found that said judgment should be subordinated to plaintiff’s mortgage. Carey v. Brown, 92 U.S. 171, 23 L.Ed. 469.
We now consider the question of the trial court’s ruling which is attacked on appeal. The trial judge allowed cross-examination on the question of plaintiff’s good faith but sustained an objection to lengthy and repetitious examination. Counsel for defendant in rule contends that this ruling was reversible error in that it excluded evidence which tended to prove plaintiff’s bad faith. A review of the transcript of testimony shows that ample opportunity was afforded the defendant in rule to develop this point and that only when the examination became repetitious and argumentative were objections sustained.
As stated above, it is contended with citation of several authorities, that the instant proceedings constitute a collateral attack on a judgment of a competent tribunal. The cases cited are good authority in cases in which there is an actual collateral attack made on a judgment. However, the ancillary proceedings with which we are dealing were brought in an effort to ascertain the rank of the judgment and the mortgage in question. The judgment in question still stands as rendered. It is merely subordinated to the plaintiff’s mortgage due to the facts presented in the record. It should be noted that plaintiff herein was not even a party to the proceedings in which the judgment was obtained.
As urged by counsel for plaintiff, there is ample authority to uphold the *59 right of a creditor of apparent inferior rank to proceed by rule against creditors of apparent superior rank in order to have their privileges either erased and cancelled or to have the rank to be afforded them established. Merrick v. McCausland, 24 La.Ann. 256; J. D. Blair & Co. v. Taylor, 25 La.Ann. 144, 147; New Orleans Canal & Banking Co. v. Recorder of Mortgages of Parish of Pointe Coupee, 27 La.Ann. 291, 293; Morris v. Cain’s Ex’rs, 34 La. Ann. 657, 665; Mulling v. Jones, 7 La.App. 184; and Louisiana Code of Practice Article 755.
For the reasons set forth above, the judgment of the trial court herein is affirmed and all costs of this appeal are taxed to the defendant in rule.
Affirmed.