## RAWLS a. CARR.

### Supreme Court, First District; General Term, Dec., 1863.

#### PLACE OF TRIAL.

An action which involves the question whether a conveyance of land is fraudulent as against creditors is not necessarily local, within the meaning of section 123 of the Code of Procedure, so as to require the place of trial to be laid in the county where the land lies.

Appeal from an order denying a motion to change place of trial.

This action was brought by Henry Rawls and C. St. John Seymour against William W. Carr, Mary P. Carr, and said Mary as administratrix of Joseph C. Stone. The complaint set out that the plaintiffs were factors and agents of the late firm of J. C. Stone & Co., and claimed the discovery of the balance due plaintiffs upon their dealings with that firm, to have the accounts of plaintiffs with that firm stated, the balance due ascertained, and then to have the assets of the firm and its survivor, and of the administratrix of the deceased partner, marshalled, and applied in payment of the debt found due to plaintiffs. And it averred that among the assets applicable to the payment of the debt due to plaintiffs was a piece of land in Rochester, New York, with a dwelling-house upon it, and the furniture in the house; which, by reason of facts alleged in the complaint, were in law the property of the defendants, and ought to be applied to the payment of plaintiffs' demand. The place of trial named in the complaint was the city and county of New York. The defendants lived in Rochester. The defendants moved at chambers to have the place of trial changed to Monroe county, on the ground that the latter was the proper county. The convenience of witnesses was not alleged. The motion was denied, and defendants appealed.

*Henry Nicoll*, for the appellants.—I. The object of this action is to avoid a conveyance of lands and a dwelling-house thereon, in the county of Monroe, and household furniture and other personal property in said house, and to have the same applied in payment of the plaintiff's debt. It is, in fact, an action to determine the title of Mrs. Carr to real estate, in a formal proceeding in equity.

II. The language of the Code is clear and explicit: That where the action is for the determination, in any form, of a right or interest in real estate, it must be brought in the county where such real estate is situated. There is no ambiguity in this language, and there is no occasion to resort to extrinsic evidence to ascertain the meaning of the provision. (Wood *a.* Hollister, 3 *Abbotts' Pr.*, 14.)

III. There is no room for saying that the Legislature intended to confine the operation of this provision to such common-law actions as existed before the Code. Eight independent tribunals are established to administer both law and equity. It is not to be inferred that it meant to give these courts, necessarily local in their character, a more extensive jurisdiction than that enjoyed by the circuit judges and vice-chancellors under the former system. The motion, therefore, to adopt the provision which existed in reference to limiting the jurisdiction of these officers, is cogent evidence that the general provision of the Code (§ 123) was meant to apply to all cases.

IV. The cause of action in this case would not have been cognizable before a vice-chancellor, as it neither arose here, nor was the subject-matter situated here.

*Lucien Birdseye*, for the respondents.—I. It is submitted that the action is not local, and does not fall within the provisions of section 123. It clearly does not fall within subdivisions 2, 3, or 4 of that section. It is also not within subdivision 1. It cannot be claimed that the suit is made local because some of the assets to be marshalled are real estate. Nor is the suit (within subdivision 1 of section 123 of the Code) an action, 1, for the recovery of real property; or, 2, for the recovery of an estate, or interest therein. 3. It is not an action for injuries to real property. 4. It is not an action for the determination, in any form, of such right or interest. It is true it was held

(Wood *a*. Hollister, 3 *Abbotts' Pr.*, 14), that where the action is by the judgment-creditor solely, to set aside a conveyance as fraudulent and void there, the suit is local; but this case has been virtually reversed by a case at the general term, first district.   So, if the bill is filed, as in Mairs *a*. Remsen (3 *Code R.*, 138), to have a deed, absolute and uniform, declared to be a trust-estate for the benefit of the plaintiff.   But neither of these cases applies when the whole scope and object of the bill is the recovery of a debt, and the marshalling of the assets for the payment thereof.   The case of the New York Ice Company *a*. the Northwestern Insurance Company (10 *Abbotts' Pr.*, 34) is in point.

II. The land is not the subject of the action, but the fraud in the conveyance from the debtor to the grantee.

SUTHERLAND, P. J., and BARNARD, J., concurred in affirming the order.

LEONARD, J., dissenting.—This motion comes up on an appeal from an order denying a motion to change the place of trial.

It is insisted by the defendant, Mrs. Carr, that the action is local, within the meaning of section 123 of the Code of Procedure.   The first subdivision of that section declares that the action must be tried in the county in which the subject of the action, or some part thereof, is situated, where (among other cases) it is for the determination, in any form, of a right or interest in real property.

The present action is brought to subject certain land at Rochester, which has been conveyed to Mrs. Carr, to the payment of a debt due to the plaintiffs, upon the ground that the deed to her was fraudulent and void as against the plaintiffs, who are creditors of her grantors.   The place of trial named in the complaint is the city and county of New York.

It appears to me that an adjudication in this action, that the deed to Mrs. Carr is fraudulent and void as against the plaintiffs, will effectually determine all her interest in the real property in question.

It requires some special reasoning to avoid the direct force of the foregoing statement.   I know of no decisions in this district

where such an action has been held not to be local. None have been reported.

There are at least three decisions at special term of this court which have been reported, holding such actions to be local. (Mairs *a.* Remsen, 3 *Code R.*, 138; Wood *a.* Hollister, 3 *Abbotts' Pr.*, 14; Starks *a.* Bates, 12 *How. Pr.*, 465.)

I am inclined to follow these authorities. The order must be reversed, and the place of trial changed to Monroe county, with $10 costs of the motion, and $10 costs of this appeal to the defendants, to be collected on final judgment.

Order affirmed, with costs.