MᶜMANNUS ET AL. *v.* BUSH ET AL.

JURISDICTION.—*Real Action.*—An action for the recovery of real estate, or for the determination in any form of an interest therein, must be brought in the county where such real estate is situated.

ADMINISTRATOR.—*Annulling Letters.*—*Parties.*—In a proceeding seeking to annul the appointment of an administrator, and to set aside a sale of real estate made by him, the purchaser of such real estate is not a proper party defendant, because the result could not affect the rights of such purchaser or of those claiming under him.

From the Bartholomew Circuit Court.

*F. T. Hord,* for appellants.

*S. Stansifer,* for appellees.

DOWNEY, J.—The appellants, heirs of John Arthur, deceased, sued the appellees, Thomas F. Thompson, George Bush, Isaac E. Johnson, and Aaron Hubble. The facts stated in the complaint are the following:

That John Arthur departed this life in February, 1847, the owner in fee simple of the land described in the complaint, situated in the county of Owen, in the State of Indiana, leaving the appellants as his heirs; that on the 12th day of October, 1847, one Thomas F. Thompson was appointed, by the clerk of the Probate Court of Bartholomew county, administrator of the estate of said John Arthur, deceased. On the 27th of December, 1847, he filed his petition to sell said real estate as such administrator, and he procured from said court an order of sale, and sold

the same to said Isaac E. Johnson, who has since sold the same to said Aaron Hubble, who sold it to said George Bush, who claims the ownership of said property by virtue of said sales; that said John Arthur, at the time of his death, was not an inhabitant of Bartholomew county, where said letters were granted; that he was an inhabitant of Jennings county, and died in said Jennings county; that said letters of administration granted in Bartholomew county were null and void; that he had no right to apply to sell said land, and said Probate Court of Bartholomew county had no jurisdiction thereof; that said letters could be granted only in Jennings county, and said Jennings County Probate Court alone had jurisdiction of said sale of land; that said real estate was appraised for sale at eighty-five dollars, and the same was not sold for two-thirds of its appraised value; that the same was sold for fifty-six dollars and fifty-one cents, and the sale was void and passed no title; that James Arthur, Charles McMannus, Margaret McMannus, John Stuckey, Mary Stuckey, Katharine Arthur, and Hannah Arthur were not served with process to answer the said petition of the said administrator, and the pretended return of process in said cause "served" is a forgery, and was not made or executed by the officers by whom it purports to have been made; and the pretended consent of James Arthur was never made or executed by him, and he at no time consented thereto; that at the time of commencing said proceedings by said administrator, Katharine Arthur and Hannah Arthur were minors—under the age of twenty-one years; that said Hannah Arthur (now Dorsey) was under the age of twenty-one years at the time of her intermarriage with said John Dorsey. And the complaint then gives a statement of the interests of the several parties.

That appellants had no knowledge of said proceedings by said administrator, and had no knowledge that said John Arthur ever owned said real estate, and had no notice, of any kind, of their interest in said land until March, 1872, and had no means of learning said facts earlier; and also avers facts of their residence, etc., showing they had no opportuni-

McMannus *et al. v.* Bush *et al.*

tiy to learn the facts sooner.  Prayer, that the court declare the appointment of said Thompson, as administrator, illegal and void, and that said proceedings and judgment to sell land are void, and the sale thereof illegal and void, and that the same be cancelled and set aside, and for all proper relief.

A copy of the record of the appointment of the administrator, and the proceedings in the sale of the land, is made part of the complaint and filed with it.

The defendants Bush, Johnson, and Hubble demurred to the complaint, on the ground that the court had no jurisdiction of the subject of the action, and because the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court, and final judgment was rendered for the defendants.

The ruling of the court on the demurrer is the only error assigned.

Thompson, who was the administrator of the estate of Arthur, being a non-resident of the State, was notified by publication only.

It is urged that the Probate Court of Bartholomew county had no jurisdiction to appoint the administrator or make the order for the sale of the land, and that, consequently, the proceeding is wholly void.  Counsel for the appellees contends that the action should have been commenced in Owen county, where the land is situated.

The code requires that actions for the recovery of real property or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property, must be commenced in the county in which the subject of the action or some part thereof is situated.    2 G. & H. 56, sec. 28.

It is very clear that the only object of this action, so far as the appellees Bush, Johnson, and Hubble are concerned, was to determine the question of their right to the real estate which had been sold by the administrator.   If, as is insisted by counsel for the appellant, the court which appointed the admin-

istrator and ordered the sale of the land had no jurisdiction, and the proceeding was wholly void, there was no necessity for a proceeding to set them aside. No relief is in any way sought as against the ex-administrator, aside from that affecting the title to the land.

In our opinion, the demurrer was correctly sustained, on the ground of want of jurisdiction in the court of the subject of the action.

The judgment is affirmed, with costs.

### On Petition for a Rehearing.

Downey, J.—A petition for a rehearing has been filed in this case, and has been carefully considered. We still think the case was rightly decided. So far as the action sought to set aside the appointment of the administrator and the order for the sale of the land merely, its result could not affect the rights of the purchaser or those claiming under him; and, therefore, there was no reason for making them parties to the suit. So far as it sought to determine, in any form, the question of their title to the land, it should, by the express requirement of the statute, have been brought in the county in which the land is situated.

The petition is overruled.