Campbell v. Disney.

CASE 10—PETITION EQUITY—MARCH 19.

# Campbell v. Disney.

APPEAL FROM KNOX COURT OF COMMON PLEAS.

THE PETITION IN AN ACTION TO QUIET THE TITLE TO LAND need not describe the title that the defendant claims, but facts must be alleged showing that the claim he asserts is hostile to the title of plaintiff. It is not sufficient to allege that defendant "is setting up claim to the land," as that does not necessarily mean a hostile claim.

A. K. COOK FOR APPELLANT.

The old branch of equitable jurisprudence to remove or to prevent a cloud upon title has been enlarged by statute in this State, under which statute it is sufficient to aver that the defendant is setting up a claim to the land which affects its marketability by the plaintiff. (Barker v. Warren, 6 Ky. Law Reps., 86; Kincaid, &c., v. McGowan, &c., 6 Ky. Law Reps., 102.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant brought this action in equity to quiet his title to a tract of land. The petition alleges that the appellant has the legal title to the land and is in the possesion of it.

The allegation in reference to the appellee's asserting claim to the land is: "That the defendant, Patrick Disney, is asserting claim to a portion of said land—the exact extent of such claim plaintiff does not know; that such assertion of claim on the part of the defendant, though without any foundation on which to rest, nevertheless, is a cloud upon the title of plaintiff, impairs and will continue to impair the plaintiff's full and free and quiet enjoyment of said land; and impairs, and will in future impair, the salable value of said land." The court sustained a demurrer to the petition, and the appellant has appealed to this court.

In the case of Kincaid, &c., v. McGowan, &c., 88 Ky., 91, it was alleged in substance that the appellees were setting up some sort of claim to the appellants' land under some contract with Thomas Duckham, who was Edward Kincaid's vendor; that the appellees were giving out in speeches that they were .the owners of the land and entitled to the possession of it. It was also alleged that John M. Clayton " asserts " that he holds the title to the balance of the land as the remote vendee of said Duckham, etc.; that these hostile claims of title put a cloud upon the appellants' title, and they asked that their title, be quieted.

It was held in that case, that the Act of March 9, 1854, which was not repealed by the General Statutes, enlarged the equitable doctrine of *quia timet*. By said statute, anyone having the legal title to land and possession of it, may maintain his action against any person "setting up claim thereto." But such claim means a title or right that is hostile to the plaintiff's title; and which, though it may be a worthless title that the adversary is setting up, yet, if it clouds the plaintiff's title and depreciates the market value of his estate in the estimation of business men, who might otherwise be willing to buy it at its fair value, etc., an action in such case will lie to quiet the title. There need not be a description of the title that the adversary claims, for that would, in many cases, be impossible; but facts should be alleged showing that the defendant was setting up a claim of title or right hostile to the title of the plaintiff; and that being shown, then the allegation that such claim of title or right clouded the plaintiff's title, would have a basis of fact upon which to stand. But where the alle-

gation is that the defendant "is setting up claim to the land," which does not necessarily mean a hostile claim, but it may mean a claim that is friendly to the plaintiff's title, then the additional allegation that such claim clouds the plaintiff's title, does not make the expression, "setting up claim," equivalent to the allegation that the defendant was claiming a hostle title to that of the plaintiff. To illustrate, suppose the defendant's claim was a lease from the plaintiff; such lease would be a rightful claim, which might greatly lessen the market value of the property; yet, no one would contend that an action *quia timet* would lie in such case. But, in order to maintain the action, it should appear that the claim of title or right was hostile to the title of the plaintiff; then the allegation that such claim of title clouded the plaintiff's title would be a substantive fact, which should be alleged.

The judgment is affirmed.