CASE 4—ACTION BY E. L. SHOUSE AGAINST A. P. TAYLOR AND ANOTHER
TO QUIET TITLE.—MARCH 4.

# Shouse v. Taylor, &c.

### APPEAL FROM SHELBY CIRCUIT COURT.

DEMURRER TO JURISDICTION OF THE COURT SUSTAINED, AND PLAINTIFF
APPEALS.  AFFIRMED.

QUIETING TITLE—CANCELLATION OF MORTGAGE—VENUE.

Held:   1. Kentucky Statutes, section 11, providing that any person
having both the legal title and possession of lands may sue, in
equity, in the county where the lands, or some part of them,
may lie, any person setting up claims thereto, etc., does not
authorize a suit to quiet title against mortgages executed by
the plaintiff himself, on the ground that they were procured by
fraud, to be brought in the county where the land lies, but the
action is a transitory one, to be brought in the county of defend-
ant's residence.

O'NEAL & O'NEAL AND J. C. BECKHAM & SON, FOR APPELLANTS.

We propose to show in the light of authorities that the Shelby
circuit court unquestionably has jurisdiction both by statute and
by the well known equity rule, of the cause of action set out in
the petition.

We quote from the brief of appellee filed in the lower court:
"If the plaintiff's cause of action as set forth in his petition
be in fact an action to quiet his title within the meaning of
section 11, Kentucky Statutes, as construed by our court of
last resort, then the Shelby court has undoubted jurisdiction in
this case."

We further quote from said brief: "The plaintiff in this case
seeks to have two certain mortgages, executed by himself and
wife, cancelled upon the ground of their being procured by
fraudulent representations.  He likewise seeks to have a certain
note executed by him which is not secured by mortgages, can-
celled for the like alleged reason.   The prayer of his petition
is removal of the cloud created upon his title by said mortgages,
and that defendants be compelled to cancel and surrender said
note and mortgages, and that said mortgages be released of
record, for costs and for other relief."

It is also admitted by appellee that the appellant has the legal title, the possession, and the right of possession of said land.

It seems to be appellee's chief contention that because the legal title to the mortgaged premises remains in the mortgagor —appellant— (which the appellant contends is one fact that gives him a cause of action in Shelby county), and because a mortgage is merely an equitable lien and the mortgagor is the real owner of the mortgaged property, that the mortgagee has no claim or interest hostile to the mortgagor's interest in the land. Such, we contend, is not the law.

-2. Even if the court should differ from us as to the decision of this matter by the statute, we believe we can demonstrate that the Shelby court has jurisdiction by the well known equity rule.

At common law a mortgage of land is a conditional convey-ance of the legal title, subject to be defeated by the mortgagors performing the conditions; but the chancery courts developed another theory known as the Mortgagor's Equity of Redemption, which, at first was regarded as a mere right or thing in action, and not an estate, but which, later as stated by Pomeroy, "this narrow view was soon abandoned, the equitable theory became more consistent and complete until, in 1737, Lord Hardwicke laid down the doctrine as already established, and which has since been recognized as the very central notion of the equitable theory, that an equity of redemption is (in equity), *an estate in the land, etc.*

### AUTHORITIES CITED.

Landrum v. Farmer, 3 Bush, 49; Armitage v. Wickliffe, 12 B. Mon., 494; Barker v. Warren, 6 R., 87; Pomeroy Eq. Jur., vol. 1, p. 143; Douglass v. Klein, 12 Bush, 621; Newport v. Cin. Bridge Co., 12 Bush, 1704; Jones on Mortgages, vol. 1, secs. 6 and 7, vol. 26, Am. & Eng. Ency. of Law, p. 21; Campbell v. Disney, 93 Ky., 41; Holmes on Com. Law, 214.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The appellant, E. L. Shouse, brought this suit in equity, under section 11 of the Kentucky Statutes, to quiet his title to a tract of land. The petition alleges that on the 28th day of November, 1900, he gave his promissory note to the defendants, A. P. Taylor and William Curran, trustees of the reserve fund of the International Mutual Deposit Com-

pany of Lexington, Ky., for $8,000, due 12 months after
date, with interest at the rate of 6 per cent., and, to secure
the payment thereof, executed a mortgage upon a tract of
land on which he resided, and to which he held the legal
title, containing 248 acres, situated in Shelby county, Ky.,
and that on the 26th day of February, 1901, he gave an addi-
tional note for $3,000, due 12 months after date, with in-
terest payable quarterly, to the same parties, and executed
a second mortgage upon the same tract of land to secure its
payment, and that, in addition to the mortgages and notes
specified above, on the 9th day of May, 1901, he gave another
note to the same parties for $2,331.70. He alleges: That
each of these notes and mortgages made to secure the first
two was executed in consideration of money which the de-
fendants were to advance to him, to be used in the purchase
of stock in the Mutual Deposit Company of Lexington, Ky.
That the notes and mortgages were obtained from him by
false and fraudulent representations made to him by Taylor
and Curran, officers of the company; that the corporation
was legally organized and solvent, and engaged in a lawful
and prosperous business, and was earning for and paying to,
and would continue to earn for and pay to, its certificate
holders, depositors, and members, 50 per cent. on their in-
vestments, and that certificates would be issued therefor
by the company, redeemable in a short time; that the plan
was approved by the best and most successful financiers of
the country; that they would advance to and pay for plain-
tiff the sums evidenced by the various notes, and treat them
as so much cash paid by him to the defendant company,
and issue certificates therefor, and that the earnings of the
company would pay them off; and that he would under no
circumstances be called upon to pay them. That these
mortgages were a cloud upon the title of plaintiff, and in-

terfered with the alienation and salable value of the land—
and asked for a cancellation of the notes and mortgages.
The summons which issued on the petition was directed to,
and was executed by, the sheriff of Fayette county, upon
Taylor and Curran, in Fayette county. And the trial court
sustained a special demurrer to the jurisdiction of the
court, and the plaintiff has appealed to this court.

The section of the statutes relied on to give the Shelby
circuit court jurisdiction is as follows: "It shall and may
be lawful for any person, having both the legal title and
possession of lands, to institute and prosecute suit, by peti-
tion in equity in the circuit court of the county where the
lands or some part of them may lie, against any other person
setting up claims thereto; and if the plaintiff shall be able
to establish and does establish his title to said land, the de-
fendant shall be by the court ordered and decreed to release
his claim thereto." It is the contention of appellant that
the placing on record of the mortgages sought to be can-
celed was such a setting up of claim to the real estate owned
by the plaintiff as to give the court jurisdiction. This stat-
ute was before this court for construction in the case of
Kincaid v. McGowan, etc., 88 Ky., 91 (9 R., 987) 4 S. W.,
802, 13 L. R. A. 289, and in Campbell v. Disney, 93 Ky.,
41 (13 R., 919) 18 S. W., 1027. In the latter case, it was
held that, to maintain the action, "it should appear that the
claim of title or right was hostile to the title of the plaintiff.
Then the allegation that such claim of title clouded the
plaintiff's title would be a substantive fact, which should
be alleged. . . . To illustrate, suppose the defendants'
claim was a lease from the plaintiff; such lease would be a
rightful claim, which might greatly lessen the market value
of the property, yet no one would contend that an action of
*quia timet* would lie in such case." It is apparent from the

averments of the petition that defendants' claim to the land is in no sense hostile to that of plaintiff. On the contrary, their claim arises under and by virtue of the mortgage executed to them by the plaintiff, which is merely an incident to the notes, and only creates a lien to secure the payment. When the notes are paid, the mortgages have nothing on which to rest, and necessarily become extinct. The only relief sought is relief for fraud and deceit practiced upon him by the defendants, and which comes under the head of transitory actions, and must be brought in the county in which some of the defendants who may be properly joined as such reside or are summoned. We perceive no conflict in the cases of Campbell v. Disney, supra, and Landrum v. Farmer, 70 Ky., 46. In the latter case, Farmer executed to Landrum a bond for an undivided interest in a tract of land in his possession in Marshall county. He subsequently brought suit for the cancellation of the title bond, and had the process served on Landrum in Graves county. The claim of Landrum in that case was a hostile claim of ownership—entirely different from a mortgage, as in this case.

Perceiving no error in the judgment appealed from, it is affirmed.