STATE ex rel. JOHN D. BARRETT and Another v. DISTRICT COURT OF PINE COUNTY and Others.[1]

March 10, 1905.

Nos. 14,245—(229).

**Transitory Action.**

 An action to cancel a contract for the sale of land on the ground of fraud, and for the recovery of the purchase price paid by the vendee before the discovery of fraud, in which it does not appear that the vendors had title to the land, and in which no relief as to any real estate record is involved, is a transitory, not a local, action.

Alternative writ of mandamus issued from the supreme court, upon relation of John D. Barrett and another, directed to the district court for Pine county, the judges and clerk thereof, requiring them to transmit to Ramsey county the files and records in the action of A. B. Deahl against relators, or to show cause to the contrary. Peremptory writ granted.

*O'Brien & Albrecht,* for relators.
*Robert C. Saunders,* for respondents.

JAGGARD, J.

In this case, plaintiff commenced an action in the district court of Pine county against the relators, as defendants, to cancel, on the ground of fraudulent misrepresentations, a contract for the purchase of land in Pine county, and to recover the purchase money paid by plaintiff to defendants before the discovery of the fraud. The complaint contains no allegation that the vendors had any title to the land. Demand for change of venue from Pine county to Ramsey county, together with affidavit of residence of the relators at the time of commencement of the action in the latter, was duly served. Plaintiff noticed the cause for trial

[1] Reported in 102 N. W. 869.

at the September general term of the district court in Pine county. Thereafter relators answered, and moved that the clerk be ordered to transmit all the files and records in the case to Ramsey county. The district court of Pine county denied this motion. Thereupon the relators petitioned this court for an alternative writ of mandamus, setting forth the pleadings and the facts aforesaid, so as to present the entire record here. Pursuant thereto, an alternative writ was granted by this court. The respondents appeared, and moved to quash and dismiss the same, on the grounds that the petition did not state facts sufficient to justify its issuance, or to entitle relators to the demands of their petition and writ. This practice properly presents on the merits the contentions of the respective parties. State v. District Court of Meeker County, 77 Minn. 302, 79 N. W. 960; State v. District Court of Chippewa County, 85 Minn. 283, 88 N. W. 755.

The question here presented is whether an action to cancel a contract for the sale of real estate on the ground of fraud, and for the recovery of the purchase price paid by the vendee before the discovery of the fraud, must be tried in the county where the land is situated, or in the county where the defendants, the vendors, reside, where it is not made to appear that the vendors had title to the land, and where no relief as to any real estate record is involved. The common law applied the maxim "debitus et contractus sunt nullius loci." Blackstone describes local actions as being those in which "possession of land is to be recovered, or damages for an actual trespass or for waste, etc., affecting land"; and transitory actions as being those which are brought for "injuries that might have happened anywhere, as debt, detinue, slander, and the like." 3 Black. Com. *294.

The recognition of the right of trial at place of residence was very greatly extended by the courts of equity. In overruling an objection to the jurisdiction of an English court in setting aside a rent charge on Irish lands on the ground of fraud, Chancellor King said: "This is surely only a jest put upon the jurisdiction of this court by the common lawyers; for when you go about to bind the lands and grant a sequestration to execute a decree, then they readily tell you that the authority of this court is only to regulate a man's conscience, and ought not to affect the estate, but that this court must agere in personam only; and when, as in this case, you prosecute the person for a fraud, they tell you

you must not intermeddle here, because the fraud, though committed here, concerns lands that lie in Ireland, which makes the jurisdiction local, and so would wholly elude the jurisdiction of this court." Arglasse v. Muschamp, 1 Vern. 75. And see Penn v. Lord Baltimore, 1 Ves. 444, 2 White & T. Lead. Cas. Eq. 1806; Brett, Lead. Cas. Eq. 254; Ewing v. Ewing, L. R. 9 App. Cas. 34.

The same rule was early adopted and has been substantially enforced in the United States. In Massie v. Watts, 6 Cranch, 148, 160, Chief Justice Marshall said: "In a case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree." And see Watts v. Waddle, 6 Pet. 389.

The limitations imposed upon the jurisdiction of state courts by state boundaries have not affected the substance of the rule, but have merely restricted the extent of its application in fact, and the operation of decrees, to imposing personal obligation only, as distinguished from creating, transferring, or vesting title to lands outside the state. Lindley v. O'Reilly, 50 N. J. L. 636, 15 Atl. 379. And see Spurr v. Scoville, 3 Cush. 578; Merrill v. Beckwith, 163 Mass. 503, 40 N. E. 854; Hawkins v. Ireland, 64 Minn. 339, 67 N. W. 73. As to lands within the various states, the courts generally have recognized that, when a court of equity acts upon a matter over which it has jurisdiction, it is immaterial that real estate may be indirectly involved. A court of equity will afford proper relief to parties to contract in cases of equitable cognizance; the fact that the relief granted may incidentally concern land does not at all determine the subject-matter before the court.

Accordingly, a suit to set aside a deed and obtain a specific enforcement of a contract has been held to be transitory. Hayes v. O'Brien, 149 Ill. 403, 37 N. E. 73. And see Maduel v. Tuyes, 30 La. An. 1404; Copley v. Berry, 12 Rob. 79; Phillips v. Cotton, 48 La. An. 404, 19 South. 258; Lindley v. O'Reilly, supra; Spurr v. Scoville, supra; Merrill v. Beckwith, supra. And, where an action on covenant broken is founded on privity of contract between the parties, it is transitory; but where it is founded on privity of estate, it is local, and must be sued in the county where the land lies. Lienow v. Ellis, 6 Mass. *331; Clark v. Scudder, 72 Mass. 122; White v. Sanborn, 6 N. H. 220; Birney v. Haim, 2 Litt. (Ky.) *262.

Various statutes have affected this common-law rule. However different in terms, they substantially re-enact it, and incline rather to enlarge than to restrict the right of trial at residence. Under the New York statute, upon which the Minnesota section is based, Johnson, J., in holding that an action to rescind a contract for the purchase of land on the ground of fraud was transitory and not local, said: "The inquiry is, what is the cause of action? Is it an alleged fraud which vitiates the contract, or is it an alleged right or interest growing out of the contract, that is to be tried and determined? The two things are essentially and radically different, and it is only by confounding them that this can be made to appear a local action." Ely v. Lowenstein, 9 Abb. Pr. (N. S.) 42. And see Rawls v. Carr, 17 Abb. Pr. 96; Wood v. Hollister, 3 Abb. Pr. 14; Hubbell v. Sibley, 4 Abb. Pr. (N. S.) 403; Acker v. Leland, 96 N. Y. 383. But see Moss v. Gilbert, 18 Abb. N. C. 202.

The Kansas statute, so far as this case is concerned, is identical with the Minnesota statute. In Close v. Wheaton, 65 Kan. 830, 70 Pac. 891, the court held that an action to compel a specific performance of an agreement to convey land, involving an obligation in contract merely, without any element of trust, is a transitory proceeding. Such an action is brought to enforce a purely personal contract. "Of course, if the defendant obeys the decree, the title will pass * * *; but, nevertheless, the object of the suit is not to determine the title, but to compel the defaulting party to abide his agreement." Under similar statutes, an action to cancel a deed for fraud (Lehmberg v. Biberstein, 51 Tex. 457; and see Finch's Heirs v. Edmonson, 9 Tex. 504), and an action to annul the appointment of an administrator and to set aside the sale of land by the administrator for the payment of debts (McMannus v. Bush, 48 Ind. 303), have been held to be transitory.

In Kentucky, under a statute different in terms, but not materially in effect, a suit for rescission of a contract for the purchase of land on the ground of fraud was held to be transitory. Thompson v. Elmore (Ky.) 18 S. W. 235. And see Dunn v. McMillen, 4 Ky. 409, 410; Kendrick v. Wheatley, 33 Ky. *34; Shouse v. Taylor, 115 Ky. 22.

In Minnesota the place of trial of actions by the district court of that state is either where the defendant resides (G. S. 1894, § 5185), or where the land is situated (section 5183). The relevant portion of the latter section is as follows:

All actions for the recovery of real property or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property, shall be brought and tried in the county in which the subject of the action or some part thereof is situated.  *  *  *  If the county designated in the complaint is not the proper county the court therein shall have no jurisdiction of said action.

The method for changing venue in proper cases is prescribed by section 5188, as amended by chapter 345, p. 627, Laws 1903, and chapter 28, p. 147, Laws 1895. These laws neither limit nor repeal section 5188. Kretzschmar v. Meehan, 74 Minn. 211, 77 N. W. 41.

The rule in this state is the general one: that an action must be brought and tried where the parties reside, and that trial where the subject-matter is situated is an exception to the rule. To bring a case within this exception, the subject-matter must be held to be local. Smith v. Barr, 76 Minn. 513, 517, 79 N. W. 507. It is true that this court has held that an action to cancel a real estate mortgage and to expunge the local record thereof must be brought and tried in the county where the mortgaged property and the record are situated. Kommer v. Harrington, 83 Minn. 114, 85 N. W. 939. But this court has also held, where an action was brought by the heirs to avoid an administrator's sale of land, to recover lands in the hands of the purchasers, and to have an accounting of and judgment for the proceeds of land sold, that it was impossible to divide the matter into two separate actions, and that, inasmuch as the recovery of proceeds was the principal relief sought, and the recovery of the land in specie was merely incidental, therefore the action could be brought at the place of residence, and need not be brought in the county in which the land was situated. Smith v. Barr. An action to set aside a judgment has been held to be transitory, because the principal object of the action was its avoidance, although incidentally it might operate upon interest in land in another county. State v. District Court Chippewa County, 85 Minn. 283, 88 N. W. 755.

In this case, upon the pleadings, the only thing the court has to do with at all is a contract and fraud. The principal thing sought is the recovery of a money judgment. It does not appear that the defendants

owned the land, that the contract was recorded, or that this decree will in any way necessarily affect the actual title to land. See Miller v. Kern, 140 Cal. 132, 73 Pac. 836.

The prayer of the petitioners is accordingly granted, and it is ordered that the case be stricken from the trial calendar of the district court of Pine county, and that all the records in this action be transmitted to the clerk of the district court of Ramsey county.