## BOWLER v. FIRST NATIONAL BANK OF PIPESTONE.

Rev. Civ. Code, § 986, provides that every conveyance of real property except a lease for less than a year is void as to certain classes of persons whose conveyances are first recorded. Section 987 provides that "conveyance," as used in the last section, embraces instruments in writing by which an interest in real property is encumbered. **Held**, that, in order to protect a mortgagee against certain classes of persons, his mortgage must be recorded, and therefore, if given by an insolvent,

will be deemed a preference if not recorded four months before the filing of his petition in bankruptcy, under the express provisions of Bankr. Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], as amended by Act Cong. Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1907, p. 1031], relating to preferences.

A statement in a complaint by trustees of a bankrupt that the bankrupt's estate is insolvent, and that there is not property enough to pay the general creditors, is not a conclusion of law, but a statement of facts which must be taken as true on demurrer.

A demand is not necessary before bringing an action to set aside a mortgage given by a bankrupt as a preference.

A person procuring a mortgage as a preference from a bankrupt is a trustee, under Rev. Civ. Code, §§ 1615, 1616, relating to involuntary trustees, and actions against him, to set aside a mortgage from the bankrupt, of land in the state, and to set aside a conveyance to him from the bankrupt of land in another state, may be joined under Rev. Code Civ. Proc. § 144, subd. 7, relating to the joinder of actions arising out of claims against a trustee.

In an action by a trustee in bankruptcy to vacate a deed executed by a bankrupt, a state court has jurisdiction of the subject-matter, notwithstanding the property is located in another state.

Where a person has appeared generally in a case, he is estopped from denying the court's jurisdiction of his person.

(Opinion filed, October 30, 1907.)

Appeal from Circuit Court, Minnehaha County. Hon. J. W. Jones, Judge.

Action by John A. Bowler, as trustee in bankruptcy, against the First National Bank of Pipestone. Judgment for defendant, and plaintiff appeals. Reversed.

*Joe Kirby,* for appellant. *Davis, Lyon & Gates,* for respondent.

CORSON, J. This action was instituted by the plaintiff as trustee in bankruptcy of the estate of John H. Bruins, a bankrupt, to vacate and set aside a certain mortgage and deed executed by the said Bruins to the defendant bank and recorded within four months preceding the filing of the petition in bankruptcy. A demurrer was interposed to the complaint, stating, in substance: (1) That said complaint does not state facts sufficient to constitute a cause of action; (2) that several causes of action are improperly united; (3) that as to the second cause of action therein stated the court had no jurisdiction of the person of the defendant nor of the sub-

ject-matter of the action. The demurrer was sustained, and from the order sustaining the same the plaintiff has appealed.

The plaintiff, in the first paragraph of his complaint, alleges the incorporation of the defendant under the laws of the United States for banking purposes. The plaintiff, in the five following paragraphs, sets out the proceedings taken in the bankruptcy court of South Dakota resulting in the adjudication of the said Bruins as a bankrupt and the appointment and qualification of the plaintiff as trustee in bankruptcy. In the seventh paragraph of the complaint it is alleged that the said John H. Bruins at the time he was adjudged a bankrupt and for a long time prior thereto was the owner in fee simple of certain lots in the city of Garretson in Minnehaha county of the value of about $3,000 not exempt from execution, but liable to his creditors for the payment of his debts.

The eighth, ninth, tenth, and eleventh paragraphs of the complaint are as follows:

"That on the 20th day of May, 1905, and within four months next preceding the filing of said petition to have the said Bruins adjudged a bankrupt, and while he, the said John H. Bruins, was insolvent and known to defendant to be such, the said defendant caused to be filed in the office of the register of deeds of Minnehaha county, S. D., and recorded, a mortgage theretofore executed by the said John H. Bruins, to the said defendant, upon all the property mentioned in the last preceding paragraph, which mortgage purported to mortgage to the said defendant as mortgagor all of said real estate to secure the payment of the sum of $1,980.35 alleged to be owing from the said John H. Bruins to the said defendant, and which mortgage still remains and appears of record, untransferred and unsatisfied, and that the enforcement of said mortgage by the defendant would work and give a preference to said defendant, over the general creditors of the said bankrupt, and in executing said mortgage the said Bruins intended to create an illegal preference in favor of said defendant.

"That said mortgage heretofore mentioned was not given for a present consideration, and was not accepted nor given in good faith, but was in contemplation and in fraud of the bankrupt act of the United States.

"That the said bankrupt's estate is insolvent, and if the said defendant is allowed to enforce the lien of said mortgage and receive the amount thereof from the proceeds of such property the general creditors of said bankrupt will suffer loss and cannot be paid from said estate in full.

"That said mortgage constitutes of record an apparent lien and incumbrance upon the property above described, and that this plaintiff is unable to sell or dispose of said property, or convert the same into cash, and will be unable to realize more than a nominal sum out of said property unless said mortgage is as against him canceled, set aside and held to naught."

The plaintiff for a second, further, and separate cause of action, alleges that he "repeats, reiterates, and restates each and all of paragraphs 1, 2, 3, 4, 5, and 6 of the foregoing amended complaint, and now presents and sets forth the same to this court as part of this cause of action, the same as if they were written herein in full." The plaintiff then alleges, in substance, that in July, 1905, and within four months next preceding the filing of said petition, and while the said John H. Bruins was insolvent, and knwon to the defendant to be such, he was the owner of a tract of land in Pipestone county, Minn. (describing it), having an intrest therein of the value of $2,000; that thereupon, and while the owner of such property as aforesaid, the said Bruins did, for the purpose and with the intent of creating a preference among his creditors in favor of the defendant, convey to the defendant by deed all of said land and premises, which deed was recorded in the office of register of deeds in and for said Pipestone county in said state of Minnesota, causing thereby the title of said premises to appear in the name of the said defendant; that said deed was not given for a present consideration, and was not given in good faith, but was in contemplation and in fraud of the bankruptcy act of the United States; that said bankrupt's estate is insolvent, and if said defendant is allowed to retain said property there will not be assets enough to pay said bankrupt's debts, and the defendant will receive a preference at the expense of the general creditors of said estate; that said deed constitutes a cloud upon the title and an incumbrance as against the plaintiff on said property; and that the

plaintiff will be unable to sell or dispose of said property so as to realize anything herefrom unless. said deed is canceled and held for naught, and the said defendant compelled to convey to the plaintiff the title which it received from the said Bruins. The plaintiff .concludes by praying for judgment that the said mortgage of the said Garretson property be vacated, and that the defendant be required to execute and deliver to the plaintiff a satisfaction or assignment of the same, and that the conveyance of the land before described in Pipestone county be adjudged to convey no title as against this plaintiff, and that the defendant be compelled to re-. convey to the plaintiff all of the right, title, and interest purporting to have been conveyed to it by the said bankrupt.

Sections 60a and 60b of the Bankrupt Act of July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], as amended by Act Feb. 5, 1903, c. 487, 32 Stat. [U. S. Comp. St. Supp. 1907, p. 1031], under which this action was instituted, provides as follows: "A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudi-.cation procured or suffered a judgment to be entered against himself in favor of any person, or made a trasfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required. If a bankrupt shall have given a preference and the person receiving it, or to be benefitted thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person." The concluding clause of paragraph "a," which provides that: "Where the preference consists in a transfer such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required"

—was added as an amendment by an act of Congress of February 5, 1903.

It is contended by counsel for the defendant that in this state a mortgage is not required to be recorded or registered to be valid as between the parties thereto; hence that the mortgage described in the first cause of action was valid as against this plaintiff, and in support of their contention they rely upon the cases of in re Hunt (D. C.) 139 Fed. 283, decided by the district judge of the Northern district of New York, and Meyer Bros. Drug Co. v. Pipkin Drug Co., 136 Fed. 396, 69 C. C. A. 240, decided by the United States Court of Appeals of the Fifth circuit. These probably were the cases upon which the learned circuit court relied in sustaining the defendant's demurrer to the complaint in this action; but, since the decision of the court upon the demurrer in the case at bar, this amendment has been very fully considered by the Court of Appeals of the Sixth circuit and that court, in a very able and exhaustive opinion in a case involving a chattel mortgage for $37,000, arrived at the conclusion that, where a mortgage was required by law to be recorded in order to make it valid as against any class of persons, it came within the provisions of the amendment, though it might be valid as between the parties thereto. That learned court, in speaking of the decision of Meyer Bros. Drug Co. v. Pipkin Drug Co., seems to treat it as a decision made upon the act prior to the amendment of February 5, 1903. The court then proceeded to discuss the case of in re Hunt, supra, in which that court relates the history of the amendment at the time of its adoption, and says: "Independently of this legislative history, Judge Archibald, in English v. Ross, 140 Fed. 630, and the Circuit court of Appeals for the Eighth circuit, in First National Bank v. Connett, 142 Fed. 33, 219, 5 L. R. A. 148, reached an opposite conclusion and held that a recording statute, which required a conveyance or transfer to be recorded to be effectual against a certain class or classes of persons, was a law which required the recording of the transfer in question, within the meaning of section 60 as amended. With this conclusion we agree." The court then proceeds to give its reasons at length with its decision, and says: "In view of all of the foregoing con-

siderations, we reach the conclusion that the word 'required,' as used in the amendment, refers to the character of the instrument giving preference or making the transfer, without reference to the fact that as to certain persons or classes of persons it may be good or bad according to circumstances. If to be valid against certain classes of persons, the law of the state requires the constructive notice of registration and its transfer, which is 'required' to be recorded. This takes account of the purpose and policy of recording acts, remedies the evil which flourished under the law before the amendment, gives effect to the plain purpose of Congress, and gives some effect and force to a provision which would otherwise be meaningless, and brings sections 3 and 60a and 60b into harmony of purpose and meaning." And the court in its conclusion says: "We conclude from the general purpose and policy of recording statutes that the words 'or permitted' are of no vital signification in section 3. If the instrument giving the preference is one which is 'permitted' to be recorded in order to give it validity as against certain classes of persons, though perfectly valid without record as to other classes, it is an instrument 'required' to be recorded within the meaning of the word as there used. The words 'required' and 'permitted,' in the connection used, are of synonymous legal meaning. The dropping of the words 'or permitted' by the Senate is therefoe of no vital signification if we are right in regarding section 3 and section 60a as closely conncted provisions. It is only in exteremely doubtful matters of interpretation that the legislative history of an act of Congress becomes important. If the word 'required,' as used in sections 3 and 60a, is used as referring to the character of the instrument giving the preference, and not as to the persons as between whom it may be valid without recording or the persons as to whom it is void for failure to record, the words 'or permitted' in section 3 were surplusage, and the Senate might well omit them from the amendment; the plain purpose being to tie the two provisions together. * * * Under section 4150, Rev. St. Ohio 1906, a mortgage of chattels, not followed by immediate delivery and no actual and notorious change of possession, is 'required' to be recorded. Otherwise it is invalid as to some persons and valid as to others. That such a mortgage

is 'required' by the law of Ohio to be recorded within the meaning of section 60a as amended we have no doubt."

We conclude from the general purpose and policy of recording statutes that the words "or permitted" are of no vital signification in section 3. The court, in the case of In re Hunt, supra, in discussing this amendment, used the following language: "The writer of this opinion regrets that such amendment (or permitted) as proposed did not become a part of the act. Secret liens of any character ought not to be tolerated by the act. The date of the beginning of the four months' period referred to ought to be the date of recording or filing the instrument or of taking open possession of the property." The court of the Sixth circuit, in discussing this subject, says: "If we say that, unless the law of the state where the transfer is made makes void all such transfers as to all the world, it is not a law which 'requires' recording, the evil will continue, and judges will continue to bewail the iniquity of a law which makes such a secret transfer an act of bankruptcy and yet holds the preference valid against the bankrupt's estate because made more than four months before starting bankrupt proceedings against the maker. See the lament of Judge Ray in Re Hunt, 139 Fed. 286, 287." Section 986 of the Revised Civil Code of this state provides: "Every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or incumbrances including an assignee of a mortgage, lease, or other conditional estate, of the same property, or any part thereof, in goodfaith and for a valuable consideration, whose conveyance is first duly recorded." And section 987 provides: "The term 'conveyance' as used in the last section, embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged or incumbered, or by which the title to any real property may be affected, except wills, executory contracts for the sale or purchase of real property, and powers of attorney." It will be observed from the reading of these sections that a mortgage not recorded is void as against certain classes of persons. Hence if a mortgagee desires to protect himself his mortgage must be recorded. It is quite clear from these later decisions that the learned circuit court was in error in

sustaining the demurrer to the causes of action alleged in the amended complaint notwithstanding the Code provides that a mortgage is valid as between the parties thereto and those who have notice thereof. Without regarding the mortgage as we have seen, it is not valid as against certain classes of persons, namely, subsequent purchasers and incumbrancers, and therefore under the provisions of our Code referred to the mortgage is required to be recorded and comes within the provision of the amendment of the bankruptcy act.

It is further contended by counsel for the defendant that the allegations of paragraph 10 of the complaint that the bankrupt's estate is insolvent, and that there is not property enough to pay the general creditors, is a conclusion of law, and not in a statement of facts. We cannot agree with counsel in this contention. As will be observed, it is stated in that paragraph of the complaint "that the said bankrupt's estate is 'insolvent.'" This is a positive allegation and must for purposes of this demurrer be taken as true.

It is further contended by the counsel for the defendant that no demand is alleged, and inasmuch as a preference is not void, but only voidable, a demand was necessary before action. We cannot agree with counsel in this contention. The case is not, in our opinion, one where a demand before action can be maintained is necessary.

The second ground of demurrer is that several causes of action have been improperly united. It will be observed that the first cause of action is to set aside a mortgage executed by the bankrupt to the defendant upon real property situated in the county of Minnehah in this state, and the second cause of action therein set forth is to set aside a conveyance by the bankrupt to the defendant of real property situated in the county of Pipestone in the state of Minnesota. It is insisted by the counsel for the defendant that the two causes of action are improperly united, for the reason that one relates to real estate situated in this state, and the other to real estate situated in Minnesota. It is contended by the appellant that, assuming the facts of the complaint to be true, the defendant was an involuntary trustee by operation of law as to both the mortgaged property situated in this state and the prop-

erty conveyed by the bankrupt to the defendant in the state of Minnesota, and hence comes within the provision of subdivision 7 of section 144 of the Revised Code of Civil Procedure, which reads as follows: "The plaintiff may unite in the same complaint several causes of action whether they be such as have been heretofore denominated legal or equitable, or both where they all arise out of * * * claims against a trustee by virtue of a contract or by operation of law." "We are inclined to agree with the appellant in its contention. Section 1609 of the Revised Civil Code provides: "An involuntary trust is one which is created by operation of law." And section 1615 provides: "One who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner." And section 1616 provides: "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." These sections have been construed by this court and the late territorial Supreme Court in the cases of Fideler v. Norton, 4 Dak. 272, 30 N. W. 128, 32 N. W. 57; Suessenbach v. Bank, 5 Dak. 477, 41 N. W. 662; Bank v. Kimball, 1 S. D. 388, 47 N. W. 402, 36 Am. St. Rep. 739; Van Dyke v. Grigsby, 11 S. D. 39, 75 N. W. 274; Luscumbe v. Grigsby, 11 S. D. 408, 78 N. W. 357 See, also, Wright v. Skinner, 136 Fed. 694. Under the construction given to those sections by this court and the territorial Supreme Court, it is quite clear that under the facts alleged in the complaint the defendant at the time this action was commenced was holding the properties as an involuntary trustee and was at the time, in the language of subdivision 7 of said section 144, a trustee by operation of law as to both the mortgage of the property in Minnehaha county and the property situated in Minnesota. It will be observed that the parties to the action are the same; that the facts leading up to the institution of the action are the same and fall within the same class under the bankruptcy act, namely, "voidable preferences"; and that the claims of the plaintiff against the defendant as trustee arise by virtue of the operation of the bankrupt laws as mentioned in subdivision 7. In discussing simi-

lar questions, Mr. JJuJstice Story, in his work on Equity Pleadings (sections 531 to 534 inclusive), concludes that: "Where there is a common liability in the defendants and a common interest in the plaintiffs, different claims to property, at least if the subjects are such as may without inconvenience be joined, may be united in one and the same suit. * * * If the general objects of a bill will be promoted by their being united in a single suit, the court will not hesitate to sustain the bill against all of them." Certainly in the case at bar nothing could be gained by requiring the plaintiff to bring separate actions, instead of uniting the two in the one action. The defenses that the defendant could make could as well be made in this action as in separate actions, assuming, of course, that the courts of this state have jurisdiction of the person of the defendant and of the subject-matter of the action.

It is contended by the defendant that the second cause of action cannot be sustained for the reason that the court did not have jurisdiction of the person of the defendant or of the subject-matter of the action; but we are unable to agree with counsel in this contention. The action, as we have seen, is to vacate and set aside a deed executed by the bankrupt Bruins to the defendant, and to establish plaintiff's rights as trustee of said bankrupt to the said property for the benefit of the creditors of the said bankrupt. The object of the action is not to recover possession of the property, but to establish the right of the plaintiff thereto as trustee as against the defendant. The contention of the defendant that the court had no jurisdiction of his person is not tenable for the reason that he appeared generally in the action and is estopped from claiming that the court did not have such jurisdiction of his person. Ramsdell v. Duxberry, 17 S. D. 311, 96 N. W. 132. In the class of cases involved in this action, the courts of this state have jurisdiction of the subject-matter, notwithstanding the property be situated in another state. This question was discussed in the early case of Massie v. Watts, 6 Cranch (U. S.) 148, 3 L. Ed. 181, in which the Supreme Court of the United States, speaking by Mr. Chief Justice Marshall, uses the following language: "In the case of fraud, or trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although

lands not within the jurisdiction of that court may be affected by the decree." In the case of Lindley v. O'Reilly, 50 N. J. Law, 636, 15 Atl. 379, 1 L. R. A. 79, that learned court held, as appears from the headnote, that: "In cases of contract, trust, or fraud, the equity courts of one state or country, having jurisdiction of the parties, are competent to entertain a suit for specific performance, or to establish a trust, or for a conveyance, although the contract, trust, or fraudulent title pertains to lands in another state or country." And in the recent case of State ex rel. Barrett v. District Court, 94 Minn. 370, 102 N. W. 869, the Supreme Court of Minnesota, in discussing this subject, says: "As to lands within the various states, the courts have generally recognized that, when a court of equity acts upon a matter over which it has jurisdiction, it is immaterial that real estate may be indirectly involved. A court of equity will afford proper relief to parties to contract in cases of equitable cognizance; the fact that the relief granted may incidentally concern land does not at all determine the subject-matter before the court. Accordingly, a suit to set aside a deed and obtain specific enforcement of a contract has been held to be transitory." See Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Johnson v. Gibson, 116 Ill. 294, 6 N. E. 205; Pillow v. King, 55 Ark. 633, 18 S. W. 765; McGregor v. McGregor, 9 Iowa, 78; Gilliland v. Inabnit, 92 Iowa 46, 60 N. W. 212; McQuerry v. Gilliland, 89 Ky. 434, 12 S. W. 1038, 7 L. R. A. 454.

It is quite clear, from the foregoing decisions, that the courts of this state had jurisdiction of the subject-matter of the action, and that the court was in error in sustaining a demurrer to that cause of action. We have not overlooked the other points discussed by the counsel for the defendant in their brief, but in our opinion they have not sufficient merit to entitle them to a separate discussion.

The order of the circuit court sustaining a demurrer is reversed, and that court is directed to enter an order overruling the same.