## BOWLER v. FIRST NAT. BANK OF PIPESTONE, MINN.

In view of Rev. Code Civ. Proc. § 144, permitting a plaintiff to unite in the same complaint several causes of action arising out of contracts express or implied, a complaint by a trustee in bankruptcy which alleged causes of action both on a conveyance of property to defendant in fraud of the bankrupt act and the payment of money to defendant as a preferred creditor of the bankrupt in violation of the act properly unites the two causes of action.

(Opinion filed, March 7, 1908.)

Appeal from Circuit Court, Minnehaha County. Hon. J. W. Jones, Judge.

Action by John A. Bowler, as trustee in bankruptcy of the estate of John H. Bruins, against the First National Bank of Pipestone, Minn. From a judgment for defendant, plaintiff appeals. Reversed.

See 21 S. D. 449, 113 N. W. 618.

*Joe Kirby,* for appellant. *Davis, Lyon & Gates,* for respondent.

CORSON, J. This action was instituted by the plaintiff, John A. Bowler, as trustee, against the defendant, to recover the sum of $2,800 alleged to be due from the defendant for certain personal property and money alleged to have been received by the defendant from John H. Bruins, a bankrupt, within four months of the time of filing of his petition in bankruptcy. The action was originally commenced to set aside a certain mortgage and conveyance of real estate alleged to have been made by said Bruins to the defendant and to recover the amount of the personal property alleged to have been received by the defendant from the said Bruins; but subsequently to the commencement of the action by virtue of the proceedings had in the circuit court the action was divided, and

one action was commenced to vacate and set aside the mortgage and real estate conveyances, and the present action was instituted to recover the value of the personal property alleged to have been received by the defendant from the said bankrupt, Bruins. The demurrer to the complaint in the first action was sustained by the circuit court, and upon appeal to this court the order sustaining the demurrer was reversed. The opinion in that case is reported in 113 N. W. 618. A demurrer to the complaint in the present action was also sustained by the circuit court, and the order sustaining that demurrer is now before the court for consideration. The two appeals were embraced in one abstract and are discussed by the counsel for the respective parties in the same briefs. .

The material grounds of the demurrer to the present complaint are that the same do not state facts sufficient to constitute a cause of action, that two causes of action are not separately stated, and that several causes of action have been improperly united in the same complaint. The first six paragraphs of the complaint in the case at bar are substantially the same as the first six paragraphs in the complaint in the former action. In the seventh paragraph it is alleged in substance that in the month of July, 1905, and within four months next preceding the filing of the petition of said John H. Bruins in bankruptcy, he, the said Bruins, did convey to the said defendant a large amount of farm machinery, two teams of horses, seventy head of cattle, and two wagons, all of the value of $2,500, and of which property he, the said John H. Bruins, was then the owner. It is also alleged in the complaint as follows: "(8) That said conveyance or transfer of said personal property mentioned in the last preceding paragraph was not given for a present consideration, and was not accepted nor given in good faith, but in contemplation and in fraud of the bankrupt act of the United States, and for the purpose and with the intent to secure to defendant an antecedent debt, and with the purpose and to the effect of creating a preference in favor of the said defendant over said bankrupt's other creditors, all of which said personal property above described it, the said defendant, did take and convert to its own use and benefit, to the damage of said bankrupt's estate in the sum of twenty-five hundred dollars ($2,500), which sum the said de-

fendant should be compelled to pay therefrom to this plaintiff.   (9) That the said John H. Bruins, between the 1st day of August, 1905, and the 8th day of September of the same year, paid to the said defendant the sum of three hundred dollars ($300) on an antecedent debt and without any present consideration; such payment being then and there made by said bankrupt and received by the said defendant for the purpose and with the intent of creating a preference in favor of said defendant.   (10) That said bankrupt's estate is insolvent, and if the said defendant is allowed to retain said personal property above described there will not be assets enough to pay the said bankrupt's debts and the said defendant will receive a preference at the expense of the general creditors of said estate."

It is contended on the part of the respondent that two causes of action are improperly united, viz., the action for the value of the personal property transferred by the bankrupt, Bruins, to the defendant, and the money paid to the bank; but we are unable to agree with counsel in this contention.   Both causes of action are to recover from the defendant a moneyed judgment for the value of the personal property transferred to the defendant by the said bankrupt, Bruins, and the money paid by him to the defendant in contravention of the bankrupt act.   By section 144 of the Revised Code of Civil Procedure it is provided: "The plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all rise out of   *   *   *   (2) contracts express or implied;   *   *   *   (7) claims against a trustee by virtue of a contract or by operation of law."   It appears from the allegations of the complaint that there was an implied contract on the part of the defendant to repay to the trustee of the bankrupt the value of any property or moneys received by it in contravention of the bankrupt act.   The defendant also occupied the position of a trustee by operation of law, and under the bankruptcy act the defendant was required to return the property or pay its value as such trustee.   Under either clause, therefore, of the section, the claims of the plaintiff as trustee of the bankrupt could be properly recovered in the same action.

It is further contended by the respondent that the complaint is

insufficient for the reason that the allegation in paragraph 8 that the transfer of the property in question was made "with the intent to secure to the defendant an antecedent debt and with the purpose and to the effect of creating a preference in favor of the defendant" failed to allege in traversable form that the bankrupt owned any debt. In our opinion, however, this allegation is sufficient as to the indebtedness of said Bruins to the defendant at the time the property was transferred, and constitutes a material allegation, which, if not true, may be denied, and thereby an issue be raised as to such indebtedness.

It is further contended by the respondent that the allegation in paragraph 10 of the complaint to the effect that the bankrupt's estate is insolvent, and if the said defendant is allowed to retain said personal property above described there will not be assets enough to pay the said bankrupt's debts and the said creditors of said estate, for the reason that there are different classes of creditors, and that it is not alleged therein that the assets will be insufficient to pay the creditors "of the same class." But this contention is clearly untenable, for the reason that it does not affirmatively appear from the complaint that there were other than general creditors, and hence it does not affirmatively appear from the complaint that the same is insufficient by reason of the omission of these words.

Practically the same questions are involved in this appeal that were involved in the former appeal, and for the reasons stated in the latter as well as in our present opinion the court was clearly in error in sustaining the demurrer to the complaint in this action; and the order sustaining the same is reversed.